HAZEL M. MESERVE, Pro Ami, *vs.* WILLIAM S. LIBBY.

Cumberland.    Opinion October 3, 1916.

*Negligence.  Negligence of child imputed to parents.  Reasonable and due
care on part of driver of automobile.  What would be reason-
able care on the part of child six years old.*

The plaintiff, a girl six years of age, while crossing Center street in Portland
about noon of August, 1915, was struck and knocked down by an auto-
mobile driven by the defendant and thereby her leg was broken and she
received other severe bodily injuries.  The jury returned a verdict of $600
in her favor and the case comes before the Law Court on the defendant's
motion for a new trial.

Briefly stated, the defendant's own story of the accident is that he saw the
child crossing the street and stopped his car to avoid a collision with her;
that she stopped also nearly ahead of his car and about 12 feet from it;
that he assumed that she would wait where she was until he drove by her,
and thereupon started his car ahead; that she did not wait but ran forward
and the collision occurred before he could again stop the car.

*Held;*

1.  That a reasonably prudent man, under those circumstances, would not
have started the car ahead until that little child was safely out of danger;
and that the jury did not err in their conclusion that the defendant was
negligent.

2.  That it cannot be held as a matter of law that this child, six years of
age at the time, was or was not old enough to be capable of exercising
some care for herself under the circumstances.  That was a question for
the jury.

3.  That if the child was old enough to exercise care for herself, she was
required to use only that degree and extent of care which ordinarily
prudent children of her age and intelligence are accustomed to use under
like circumstances.

4.  That it would not be an unjustifiable conclusion for the jury to reach,
that the ordinarily prudent child of the plaintiff's age and intelligence,
seeing the approaching automobile come to a stop, twelve feet away from
her, would, as she evidently did, undertake to go across the street.

5.  The question whether the child's parents were negligent in permitting her
to be unattended in crossing the street was not involved in the case, unless
the jury decided that the child was too young to exercise care for herself.

6.  But if that question did arise, we have no hesitancy in saying that a
finding by the jury that the parents of the child were not negligent in

allowing her to go unattended from their home across the street in the day time to and from the school-yard playground, ought not to be set aside.

7. Considering the evidence as to the nature and extent of the plaintiff's injuries, the court is not convinced that the damages awarded are excessive.

Action on the case for injuries received by plaintiff through the alleged negligence on the part of the defendant in operating an automobile. Hearing in Superior Court, Cumberland county. Defendant pleaded general issue. Verdict for plaintiff. Defendant filed motion for new trial. Motion overruled.

Case stated in opinion.

*W. C. Whelden,* for plaintiff.

*H. L. Cram, and J. H. Berman,* for defendant.

SITTING: · SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

KING, J.   The plaintiff, a girl six years of age, while crossing Center street in Portland, at about noon of August 14, 1915, was struck and knocked down by an automobile driven by the defendant and thereby received severe bodily injuries, for which she seeks in this action to recover damages. The jury returned a verdict of $600 in her favor, and the case is before this court on defendant's motion for a new trial.

The plaintiff had been, with other children, in the playground of the school yard nearly opposite her father's house on Center street. Miss Marion Murphy was in attendance at the playground as a teacher or social worker, and the plaintiff left Miss Murphy at the gate, close to the sidewalk, to cross the street to her home. When she was near the middle of the street she was struck by the automobile and her leg was broken and she was knocked down upon the paved street badly bruising her mouth, nose, and face. She was picked up by the defendant and taken in his car to the Maine General Hospital where she remained about four weeks, and after that she was treated at the Children's Hospital, going there daily. At the trial, which occurred about seven months after the accident, her father testified that she "walks a little lame in that leg and she is a little hard of hearing." She did not testify.

The defendant testified, that he was driving up Center street in a 1912 Cadillac weighing 4,300 pounds, using the "second speed," that he saw the plaintiff crossing the street when he was "about 50 or 70 feet" from her, "and seeing" as he testified "that if we continued on I would probably come in contact—at least it causes a start to a driver of a machine, so I applied my foot brake and threw my throttle and gas. That brought the car to a stop. Then I saw the little girl come to a stop about the center of the street. , . . Supposing I had the right of way, I started to change gears. . . . I changed from second into low and started to proceed, then the fellow. sitting in the seat beside me, in the front seat, he said 'God, she is coming.' When he said that I had just caught a glimpse of her starting down the street on more of a general course. I threw my foot brake and threw my emergency. . . . My brake being locked that held the car, I immediately left the car, which had stopped . . . and I went around and found Mr. Murphy and Mr. Valante (two of the three other men who were riding with him) out there at that time, just lifting the child from the street." In cross-examination he stated that he stopped his car the first time about "12 feet" from the child. "Q. She stopped and you stopped? A. Yes, sir. Q. And she turned and ran into you? A. She turned and ran into me, yes, sir. . . . Q. Did you see her when she turned and ran towards you, or did you not? A. I didn't see her when she started to run towards me. It was while she was running towards me I saw her." He claims that the child was hit by the left side of the automobile near where the mud-guard and running board connect, and that she was picked up about two feet back of the car and to the left. Two of the men who were in the automobile at the time substantially corroborated the defendant's account of the accident. On the other hand, two witnesses, called by the plaintiff, testified that they were near the scene of the accident at the time and saw it. One of them testified that he heard no horn sounded or other warning signal given, and that he did not notice that the speed of the car was lessened until after the collision. The other testified that just before the child was hit "she kind of slowed up, that is, a trifle, and turned partly around. I thought she had seen the auto, but then it was too late."

1. Was the defendant negligent? Did he fail to exercise reasonable care—such care as the reasonably prudent man would have exercised under the same conditions and circumstances? That is the test. The jury decided that he did not exercise reasonable care—that he was negligent. Is that decision clearly wrong? We think not. Certainly the defendant cannot complain if the jury accepted his story of what he did and of the conditions under which he was required to act. Briefly stated his story of the accident is this: That he saw the child crossing the street ahead of him and stopped his automobile to avoid a collision with her; that she stopped also, nearly ahead of his car, but a little on its left and about 12 feet from it; that he assumed that she would wait there until he drove by her, and he thereupon started his car; that she did not wait for him to pass her but started running towards his moving car, and the collision occurred before he could again stop the car. Was it the exercise of reasonable care on his part to start his car forward while the child was nearly in front of it and only 12 feet from it? If, instead of assuming that this little child would remain where she was in the street while he started his car and drove it by her, the defendant had spoken to her, and told her to go on across the street, the unfortunate accident would not have occurred. We entertain no doubt that the evidence amply justifies the conclusion that a reasonably prudent man, acting under those circumstances, would not have started the car ahead until that little child was safely out of danger. It cannot be held, therefore, that the jury manifestly erred in finding negligence on the part of the defendant.

2. The court cannot say as a matter of law that this child, six years of age at the time, was or was not old enough to be capable of exercising some care for her safety under the circumstances. That was a question for the jury. *Grant* v. *Bangor Railway and Electric Co.,* 109 Maine, 133 and cases cited. It is common knowledge, of course, that children of that age do exercise care and caution, and often to a considerable degree. And certainly it cannot be said that the jury clearly erred if they decided that this child was old enough to exercise care for herself. If they so decided, then it follows, from the fact that they found a verdict in her favor, that they also decided that she did exercise reasonable care

under the circumstances, the test being whether she used that degree or extent of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances. Here again we must say, that if the verdict rests upon that finding by the jury, we are not disposed to disturb it. For we think the conclusion is not an unreasonable one, that the ordinarily prudent child of the plaintiff's age and intelligence, seeing the approaching automobile come to a stop, 12 feet away from her, would, as she evidently did, undertake to go on across the street.

We do not know if the jury had occasion to determine whether the child's parents were negligent in permitting her to be unattended in crossing the street; for that question was not involved in the case unless the jury decided that the child was too young to exercise care for herself. But if that question did arise in this case, we have no hesitancy in saying that a finding by a jury, that the parents of this child were not negligent in allowing her to go unattended from their house across the street in the daytime to and from the school-yard playground, ought not to be set aside.

3. It is further contended that the damages awarded are excessive. We do not feel certain that they are, after reading the evidence as to the nature and extent of the plaintiff's injuries. At all events, we are not convinced that the verdict ought to be disturbed for that reason.

*Motion overruled.*