## HERALD v. SMITH.

No. 3425.   Decided June 9, 1920.   (190 Pac. 932.)

1.  MUNICIPAL CORPORATIONS—CHILD NOT GUILTY OF CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW WHEN RUN OVER BY AUTOMOBILE. A child of four years and ten months cannot as a matter of law be held to have appreciated the danger of crossing a street when an automobile was approaching, and is not presumed to conduct herself as an adult person would under similar circumstances.[1]

2.  NEGLIGENCE—DEGREE OF CARE REQUIRED OF CHILD GRADUATED TO AGE. The degree of care required of a child must be graduated to its age, capacity and experience, and must be measured by what might ordinarily be expected of a child of like age and capacity under similar conditions, and, if it acted as might reasonably be expected of such a child, it cannot be charged with contributory negligence.

3.  MUNICIPAL CORPORATIONS—CARE REQUIRED OF AUTOMOBILIST ON STREET; "ORDINARY CARE." An operator of an automobile on a public street is not an insurer against damages to children or other persons, and is only required to exercise ordinary care, or such care as an ordinarily prudent person would exercise under like or similar circumstances, but the degree of care required to be exercised will be greater when the safety of children, or others of immature judgment, is involved, and when such facts are known to the operator of the car.

4.  MUNICIPAL CORPORATIONS—BLOWING HORN BY AUTOMOBILIST DID NOT RELIEVE OF CHARGE OF NEGLIGENCE AS TO CHILD. The fact that defendant automobilist sounded a horn when approaching a girl under five years of age about to cross the street could not relieve him of the charge of negligence, as such a child could not appreciate or understand the object sought or the reasons given for such warning.

5.  MUNICIPAL CORPORATIONS—NEGLIGENCE OF AUTOMOBILIST RUNNING OVER CHILD FOR JURY. In an action for personal injuries to a little girl four years and ten months old, received when run down by defendant's automobile, whether defendant was

[1] *Gesas* v. *O. S. L. R. R.*, 33 Utah, 156, 93 Pac. 279, 13 L. R. A. (N. S.) 1074; *Groesbeck* v. *Lakeside Printing Co.*, 55 Utah, 335, 186 Pac. 103.

negligent in assuming that the little girl would not get in front of the automobile after having seen it *held* for the jury.

Appeal from District Court, First District, Cache County; *J. D. Call*, Judge.

Action by Charlotte Herald, guardian, etc., against Abraham Smith. Judgment for defendant, and plaintiff appeals.

REVERSED, and new trial granted.

*Le Roy B. Young,* of Brigham City, for appellant.

*Walters & Harris,* of Logan, for respondent.

GIDEON, J.

Plaintiff, a minor, by her guardian, brings this action to recover damages for personal injuries resulting from an automobile accident alleged to have been caused by the negligence of the defendant. The grounds of negligence alleged are: (a) That defendant operated the car at an excessive rate of speed; (b) failure to give any warning or to look ahead to see if pedestrians were crossing the intersection of the street; (c) failure to have the car under proper control when crossing the intersection; and (d) operating said car in a negligent and careless manner without regard to the safety of the plaintiff.

The defendant denied the negligence and set up as an affirmative defense what is designated contributory negligence. At the close of the testimony, the court directed the jury to return a verdict no cause of action. The plaintiff appeals, and assigns that ruling of the court as error.

The accident occurred on the main street of a village in Cache county, this state. The following diagram will assist in understanding the facts:

Herald v. Smith, 56 Utah 304

· On the afternoon of the day of the accident the plaintiff, pulling a small express wagon, came down the cement sidewalk, traveling westward on the north side of Depot street, and on arriving at the street intersection, at a point at or near A on the diagram, turned and proceeded to cross the street to the south corner, upon which a bank is located. A small automobile was parked at the point marked A. There was also a tree near that point. The plaintiff passed behind the automobile, under the tree, and turned south across the street. About the same time the defendant approached the intersection driving north on the west side of Main street. There was no obstruction to prevent the defendant from seeing the plaintiff at the time or immediately after she turned across the street from the point marked A. The testimony of the plaintiff's witnesses is that defendant approached the intersection traveling about twelve or fifteen

miles per hour; that he did not slacken his speed perceptibly until after the accident. The testimony of defendant is that in approaching the intersection from the south he was traveling at the rate of about ten miles per hour, and that in turning eastward to cross the railroad track he slackened his speed to about five miles per hour. A cement walk some three or four feet wide runs from the point A southward across Depot street to the bank, and the child was traveling along that walk, pulling the express wagon. Defendant's testimony is to the effect that he observed the child while crossing, or immediately after crossing, the railroad track, and at that time the automobile was proceeding at a rate of about five miles per hour; that the plaintiff at that moment had left the sidewalk and had advanced into the street along the cement crosswalk probably some seven or eight feet; that upon observing the child he feared an accident; that he immediately blew the horn of the automobile, and that the child stopped. At that time he was some forty or forty-five feet from the plaintiff. Defendant seems to have acted upon the theory that, as the child stopped when he blew the horn, he had a right to assume that she would not move forward. He therefore proceeded to advance. At the same time, apparently, the plaintiff, without much regard to the approach of the automobile (and from the testimony it appears that her attention was centered more on the little wagon than anything else), proceeded to go forward, and was either struck by the automobile or she walked against the running board and was thrown backward over the express wagon and sustained the injuries complained of.

The witnesses all agree that the accident happened at or near the point marked B on the diagram, which is some two-thirds or three-fourths of the distance across the street from the north to the south. As stated, there is some conflict in the testimony as to the rate of speed at the particular moment of the injury. We regard that, however, as of little moment. It appears from the defendant's testimony that he saw the plaintiff in ample time to have avoided the accident had he assumed that the plaintiff would not heed the

warning given, if any was given, and remain in the place where she was until after defendant's automobile had passed.

The plaintiff was a little girl four years and ten months old. She was lawfully on the street at the time of the accident. The defendant's duty to the plaintiff cannot be measured by what he might reasonably have expected to be the conduct of an adult person in such circumstances. It was his duty to avoid the accident if possible in the exercise of ordinary care, and it was for the jury to say whether he was justified in assuming that the plaintiff would do or might do the acts which the testimony shows she actually did. A child of that age cannot, as a matter of law,     1, 2 be held to have appreciated the danger and is not presumed to conduct herself as an adult person would under similar circumstances. There is nothing in the record to indicate that the plaintiff had sufficient capacity to understand or appreciate the danger to which she was exposed by the approach of the defendant's automobile. In fact, the contrary appears.

"The degree of care required of a child must be graduated to its age, capacity, and experience, and must be measured by what might ordinarily be expected from a child of like age, capacity, and experience under similar conditions. If it acted as might reasonably be expected of such a child, it cannot be charged with contributory negligence." *Gesas* v. *O. S. L. R. R.*, 33 Utah, 156, 93 Pac. 279, 13 L. R. A. (N. S.) 1074.

See, also, *Groesbeck* v. *Lakeside Printing Co.*, 55 Utah, 335, 186 Pac. 103.

There is no testimony in the record tending to prove that defendant did not have his car under control or that he was operating it in a reckless manner, but there is testimony, in our judgment, entitling the plaintiff to have the question submitted to the jury whether or not the defendant was negligent in proceeding over the cement crosswalk in disregard of plaintiff's rights, after he had observed the approach of plaintiff and knew that an accident was imminent and made no effort to stop the car. An operator of an automobile on a public street is not an insurer against     3 damages to children or other persons. He is only re-

quired to exercise ordinary care or such care as an ordinarily prudent person would exercise under like or similar circumstances, and, as indicated, the degree of care required to be exercised will be greater when the safety of children or others of immature judgment is involved, and when such facts are known to the operator of the car. What would constitute reasonable care in one case might not be reasonable care in another. Berry, Automobiles (2d Ed.) section 279, and cases cited.

There is a conflict in the testimony respecting whether the defendant sounded the horn of the automobile at or about the time he crossed the street car track. Under the circumstances and facts of this case it is immaterial whether such alarm was given or not. The plaintiff was a little girl not yet five years of age. The ordinary child of that age could neither appreciate nor understand the object sought or the reasons for giving such warning. If it made any impression at all upon her mind, she probably accepted it as for her amusement rather than anything else; in other words, we regard the fact as to whether defendant sounded the horn as immaterial. It would in no way relieve the defendant of the charge of negligence, if he was negligent in going forward after he observed the child crossing the street, nor would it charge the plaintiff with contributory negligence.

The testimony shows that the intersection of the streets was in the center of the town where the accident happened. A bank occupied one corner, a restaurant another, and a store each of the other two corners. We are not prepared to say that operating an automobile over such intersection at the rate of twelve to fifteen miles per hour, as witnesses for plaintiff testified, was reasonable under the circumstances. The facts, however, do not show that the operation of the car at that rate of speed was the cause of, or contributed to, the accident. The only negligence of defendant shown by the testimony, if he was guilty of any, was in proceeding eastward over the crosswalks after he observed the child, upon the assumption that the plaintiff would heed his

approach and remain away from the course of the automobile.

We are of the opinion, and so hold, that the plaintiff was entitled to have that question submitted to the jury under proper instructions as to the degree of care required of the defendant under all the circumstances shown by the record. These conclusions are supported by *Meserve* v. *Libby* (Me), 15 N. C. C. A. 781, 98 Atl. 754, and *Deputy* v. *Kimmel,* 8 N. C. C. A. 369, 89 S. E. 919. The recent cases bearing upon the question herein considered are collated in the note to *Meserve* v. *Libby, supra.*

It follows that the judgment of the district court must be reversed, and a new trial granted. Such is the order; appellant to recover costs.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.