CHARLES RINALDI, AN INFANT. BY ANTONIO RINALDI, HIS NEXT FRIEND, AND ANTONIO RINALDI, APPELLANTS, v. LEVGAR STRUCTURAL COMPANY, A CORPORATION, RESPONDENT.

Submitted December 5, 1921—Decided March 6, 1922.

1. The degree of care required of a child old enough to be capable of negligence is such as is usually exercised by persons of similar age, judgment and experience, and in order to determine whether a child old enough to be capable of negligence has been guilty of contributory negligence, it is necessary to take into consideration the age of the child and its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and it is usually a question for the jury to determine whether a child has been guilty of contributory negligence.

2. Plaintiff, a boy of six years, brought suit against the owner of a motor truck for injuries received in a collision between the truck and a sled on which he was coasting. *Held*, that the question of the contributory negligence of the plaintiff was one for the jury to decide.

---

On appeal from the Supreme Court.

For the appellants, *Frank Benjamin*.

For the respondent, *Collins & Corbin*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action at law in the Supreme Court tried at the Essex Circuit and resulted in a verdict for the defendant, and plaintiffs appeal to this court, stating three grounds of appeal—(1) and (2) addressed to questions propounded to a witness, which were overruled, and (3) to the charge of the trial judge in a certain particular. The suit was to recover damages for injuries sustained by the infant plaintiff on January 29th, 1920, when a sled upon which he was riding collided with the rear wheel of a motor truck operated by a servant of the defendant. The infant plaintiff on the occasion in question was playing with several other boys on a snow hill adjacent to a public highway. They each had a sled which they used in coasting down the hill. Young Rinaldi went down on his sled and collided with the truck of the defendant on the street and was injured. He was approximately six and a half years of age at the time.

The first two grounds of appeal are not argued. The last one concerning the charge was.

The defendant contends that not only was the charge correct in the respect complained of, and presently to be considered, but that the trial judge erroneously refused to grant defendant's motion for the direction of a verdict which was on the ground that there was no evidence of negligence on the part of the chauffeur of the truck, and that the proximate cause of the accident was negligence on the part of the boy; and that, therefore, the plaintiff had no right to go to the jury and the alleged error in the charge was harmless. As in our view there was no error in the charge delivered, it becomes unnecessary to decide the question thus raised by the defendant.

The question remaining for consideration concerns the law of contributory negligence on the part of infants of tender years. The trial judge charged the jury that as matter of law there is a *presumption* that a child under seven years of age is not guilty of contributory negligence; that somewhere in the progress of the life of a child he reaches a point where he crosses from adolescence to capacity for understanding, and

that when a boy reaches that age the degree of care and caution to be exercised by him is such as would ordinarily be expected from a child of his age and experience; that if the jury found as matter of fact that the boy plaintiff had not reached the age of discretion as indicated by the court, then no act of his could be held against him, that that was obvious because it would not be fair to say that a child who did not have ability to reason, to take care of himself, who had not reached that point, could be charged with negligence, when he did not have sense enough to protect himself or capacity to measure the responsibility of his movements; so that if they found that the boy was not old enough, and had not, as matter of fact, become *sui juris,* then whether he was guilty of contributory negligence or not made no difference.

That no error resides in the part of the charge excepted to and above recited is apparent. The Supreme Court, in *Baker* v. *Public Service Railway Co., 79 N. J. L.* 249, held that where a child is under seven years of age there is a presumption that it is not guilty of contributory negligence, in the absence of proof to the contrary. And this court, in *David* v. *West Jersey and Seashore Railroad Co.,* 84 *Id.* 685, held that the degree of care required of a child old enough to be capable of negligence is such as is usually exercised by persons of similar age, judgment and experience, and that in order to determine whether a child old enough to be capable of negligence has been guilty of contributory negligence, it is necessary to take into consideration the age of the child and its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and that it is usually a question for the jury to determine whether a child has been guilty of contributory negligence.

This boy, as above remarked, was six and a half years of age at the time of the accident. He was operating his own sled on this snow hill, coasting down into the highway where vehicles were passing and repassing. He may have had some sense and appreciation of the dangers with which he was surrounded, if never so little, and it was a question for the jury

to say whether or not he contributed by his own negligence to the accident which happened to him. By their verdict they may have so found—not necessarily, because they may have put their decision on a finding that there was no negligence on the part of the defendant. But, assuming that in their deliberations they reached and decided the question of contributory negligence and found it against the infant plaintiff, still there was no error, because by the law of this state that question was one for the jury.

Let the judgment be affirmed.

*For affirmance* — The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Williams, Gardner, Ackerson, Van Buskirk, JJ. 16.

*For reversal*—None.