## GREEN v. HIGBEE

No. 4314.   Decided March 15, 1926.   (244 P. 906.)

1. APPEAL AND ERROR.  In determining propriety of directed verdict for defendant, evidence must be considered and applied in light most favorable to plaintiff. [1]

2. AUTOMOBILES.  Negligence of driver of automobile striking child attempting to cross street *held* for jury.

3. AUTOMOBILES—CARE REQUIRED OF AUTOMOBILE DRIVER AS TO SPEED AND CONTROL DEPENDS ON CIRCUMSTANCES.  Liability of driver of automobile depends on exercise of such care with respect to speed and control as ordinarily prudent person would have exercised under similar circumstances; degree of care being greater when safety of children is involved. [2]

4. NEGLIGENCE.  Circumstantial evidence, raising fair presumption of negligence and resulting injuries, is sufficient to take case to jury. [3]

5. TRIAL.  Verdict should not be directed for defendant, unless all reasonable men would, from evidence, reach conclusion requiring such verdict. [4]

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

Action by Dorothy Green, by her guardian ad litem, H. C. Green, against A. C. Higbee.  From a judgment for defendant on a directed verdict, plaintiff appeals.

[1] *Groesbeck* v. *Lake Side Printing Co.,* 186 P. 103, 55 Utah, 335.

[2] *Herald* v. *Smith,* 190 P. 932, 56 Utah, 304.

[3] *Johnson* v. *Silver King Consol. Mining Co.,* 179 P. 61, 54 Utah, 34.

[4] *Peterson* v. *Bullion B. & C. M. Co.,* 126 P. 310, 41 Utah, 364. Corpus Juris-Cyc. References.

[1] Appeal and Error 4 C. J. p. 765 n. 88.

[2] Motor Vehicles 28 Cyc. p. 48 n. 42; p. 49 n. 46; Negligence 29 Cyc. p. 630 n. 50.

[3] Motor Vehicles 28 Cyc. p. 27 n. 25; p. 28 n. 26.

[4] Negligence 29 Cyc. p. 627 n. 37.

[5] Trial 38 Cyc. p. 1565 n. 84; p. 1580 n. 49.

REVERSED, and new trial granted.

*Beck & Beck,* of Salt Lake City, for appellant.

*Stephens, Brayton & Bagley,* of Salt Lake City, for respondent.

CHERRY, J.

This is an action to recover damages for personal injuries sustained in an automobile accident. The plaintiff, a girl under six years of age, while crossing a public street in Salt Lake City, was struck and injured by an automobile driven by defendant. The claim of the plaintiff is that the accident and injury were the result of the defendant's negligence in driving his automobile at a dangerous rate of speed, failing to keep the same under control, and failing to keep a proper lookout for the plaintiff. An issue being made upon the facts, a trial was commenced before a jury, but, when the evidence of both parties had been presented, the court, upon motion of defendant, directed a verdict for the defendant. From the judgment entered thereon, the plaintiff has appealed. Whether the verdict was correctly directed under the evidence introduced is the only question presented for determination.

The accident occurred at midday on February 22, 1925, at a point on the Ogden highway near the north limit of Salt Lake City. The street runs north and south and is 39 feet wide. A strip in the center 18 feet wide is paved. At the scene of the accident three, closely parallel railroad tracks cross the highway at right angles, and at substantially the same point two or more wagon roads diverge to the east. Near the scene and abutting on the highway are two gasoline filling stations and a packing plant. On the occasion in question the plaintiff and her seven year old brother were at a point within 2 feet of the east edge of the paved portion of the highway and immediately south of the railroad tracks when the defendant approached from the south driving his automobile, weighing 3,450 pounds, in a

northerly direction and towards the two children. The plaintiff started across the street ahead of the automobile. The approaching automobile swerved to the west and at a point near the center or at the west side of the paved portion of the street collided with the plaintiff and caused the injuries complained of. There was nothing to obstruct the defendant's view of the children as he approached them. He admitted seeing them from a distance of 300 feet as he drove in their direction. Referring to the attitude of the plaintiff just before the accident, a witness, who was riding in defendant's car, testified:

"It appeared to me that she was looking south trying to get across before the car got to that point."

He further stated that the plaintiff started running across the street a distance of 35 or 40 feet ahead of the automobile. There was evidence that the automobile "skidded" or dragged its rear wheels for 39 feet just before the collision and that it ran 50 feet or more thereafter before it was stopped. The defendant's version of the accident differed from the foregoing statement in important particulars. He testified that he first observed the children from a distance of 300 feet and thereafter kept his eye on them constantly; that he "honked" his horn and "proceeded at a slackened rate of speed"; that the plaintiff gave no indication or sign of her intention to cross the street until he was within 20 feet of her, when she suddenly darted into the street and in front of his automobile; that he applied the brake attempting to stop the car and turned to the left; that wheel marks on the pavement indicated that his rear wheels had slid about 12 feet across a wet spot on the street. He stated that after his car had passed over the child he allowed it to drift across the railroad tracks to an appropriate stopping place. It is thus apparent that upon the most vital questions of fact there was a conflict in the evidence. For the purpose of the question under consideration, however, the evidence must be considered and applied in the light most favorable to the plaintiff. *Grosbeck* v. *Lake Side Printing Co.*, 186 P. 103, 55 Utah, 335. And, so viewing it, we conclude

that there was sufficient evidence of circumstances from which legitimate inferences might be drawn with respect to the speed of the automobile and the con- 1, 2 trol of it to entitle the plaintiff to have the questions submitted to the jury under proper instructions of law.

The propriety of submitting the case to the jury is illustrated by the opposing contentions of counsel in this court upon the important question of whether or not the plaintiff when first observed by defendant was in a position of danger. This is purely a question of fact upon which reasonable minds might very well differ.

Other important questions depending upon the weight and credibility of the evidence are whether the plaintiff attempted to cross the street 20 or 40 feet in front of the automobile and the speed and control of the automobile at the time as indicated by the conflicting evidence of how far it skidded or slid and when and why it finally stopped.

The test of defendant's liability is whether he exercised such care with respect to the speed and control of his automobile as an ordinarily prudent person would have exercised under similar circumstances; the degree of care being greater when the safety of children is involved. *Herald* v. *Smith,* 190 P. 932, 56 Utah, 304. And, to 3, 4 entitle the plaintiff to go to the jury, it is necessary for him to introduce merely such evidence as will raise a fair presumption of negligence on the part of defendant, and of resulting injuries to himself; circumstantial evidence being sufficient. *Johnson* v. *Silver King Consol. Mining Co.,* 179 P. 61, 54 Utah, 34.

A verdict should not be directed for defendant, unless all reasonable men would draw the same conclusion from the evidence, and that conclusion would require a verdict for the defendant. *Peterson* v. *Bullion B. & C. M.* 5 *Co.,* 126 P. 310, 41 Utah, 364.

Applying the foregoing rules to the case at bar, we conclude that the trial court erred in directing a verdict for defendant.

The judgment appealed from is reversed, and a new trial granted; appellant to recover costs.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.