JOHN G. DUPUIS, Doing Business as WHITE BELT DAIRY, v. FREDERICK WILLIAM HEIDER, JR., *et al.*

152 So. 659.
Division A.
Opinion Filed January 6, 1934.
Rehearing Denied February 6, 1934.

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*M. L. Mershon, Herbert S. Sawyer, L. L. Robinson* and *Evans, Mershon & Sawyer;* for Defendants in Error.

ELLIS, J.—Frederick William Heider by his next friend brought an action in the Circuit Court for Dade County against John G. Dupuis, who did business as White Belt Dairy, for damages for personal injuries sustained in an accident which in one count of the declaration is alleged to have been caused by being thrown from an automobile truck, carelessly driven by the defendant's agent, a wheel of the vehicle passing over him. In the second count it

is alleged that the plaintiff fell from the truck and clung to the side of it to prevent falling under the wheels and the agent of the defendant could have by the exercise of care been apprised of the plaintiff's situation and by stopping the truck could have prevented the injury, but carelessly failed to stop the truck which was driven upon the plaintiff.

The declaration alleges that the plaintiff at the time of the injury was a lad of thirteen years of age.

A demurrer was interposed to the declaration and was overruled. Pleas were then filed. The first was not guilty; the second averred contributory negligence which consisted in the plaintiff standing upon the running-board of the truck while it was in motion and negligently failing to maintain a sufficient grasp upon the truck and as a result fell and was injured. The third plea denied that the defendant consented to, acquiesced in, or had knowledge that the plaintiff was riding on the truck and that he did it contrary to the printed instructions appearing on the vehicle warning the plaintiff that any person, other than the driver, rode upon the truck as a trespasser. A demurrer to the second and third pleas was overruled.

A replication to the second plea denied that the plaintiff "was familiar with the operation of said truck as alleged in said plea" and that he was not guilty as to the averred contributory negligence. A replication to the third plea denied first that the alleged printed instructions appeared on the truck; second, that the plaintiff was warned by such instructions, and the third alleged that the instructions had been waived by the defendant permitting persons other than the driver to ride upon the truck customarily and regularly with the knowledge of the defendant and without protest or insistence by the defendant that the driver of the truck should ride alone on it.

There was a verdict for the plaintiff in the sum of $18,000.00 and judgment was duly entered.

The defendant Dupuis seeks to reverse the judgment here on writ of error.

Again we will call attention to the brief and its failure to comply with Rule 20, adopted November, 1930. Of the ten paragraphs in the brief purporting to set forth the questions of law involved, not more than two of them are "so phrased that the point of law intended for solution" plainly appears. That will require the court to proceed in the determination of the case just as if the rule were not in existence and the assignments or error the only guide for an examination of the record.

According to the pleadings, the issues were: first, negligence of the driver in the operation of the truck causing the plaintiff to be thrown from it; second, negligence of the driver in not discovering the perilous situation of the plaintiff who had fallen from the truck and was clinging to it to prevent being thrown under the wheel and in not stopping the vehicle to prevent injury; third, contributory negligence of the plaintiff who was of sufficient age and mentality to appreciate the danger in riding on the running-board of the car and, fourth, that the defendant was not bound by any negligent act of the driver contributing to the plaintiff's injury because the plaintiff by printed instructions fastened to the truck was warned that if he did ride on the truck he did so as a trespasser. The replication to the plea of contributory negligence, aside from the issue of not guilty which was unnecessary, tendered the issue that the plaintiff was not "familiar with the operation of the said truck," which was not responsive to the plea.

The plea averred that the plaintiff was of sufficient age, * * * and mental capacity and attainment to appreciate

danger" which was not essential in the plea because the plaintiff's lack of sufficient age and capacity to appreciate the danger was a matter of defense against the plea of contributory negligence. If the plaintiff desired to avoid the plea of contributory negligence it would have been proper either by replication or upon joinder of issue to show that the plaintiff was not of the age, mentality or attainments to render him capable of exercising care. Whether he understood the "operation of the truck" or not was completely aside from the question.

Age is not the determining factor always on the question of the capability of exercising care. If a person is capable by reason of mentality, intelligence, experience, training, discretion, alertness, of exercising care in a given situation he is amenable to the consequences of his contributory negligence in a transaction resulting in his injury. Lederer v. Connecticut Co., 95 Conn. 520, 111 Atl. Rep. 785; Fishburn v. Burlington & N. W. R. Co., 127 Iowa 483, 103 N. W. Rep. 481; Meserve v. Libby, 115 Me. 282, 98 Atl. Rep. 754; Mattey v. Whittier Machine Co., 140 Mass. 337, 4 N. E. Rep. 575; Rinaldi v. Levgar Structural Co., 97 N. J. L. 162, 117 Atl. Rep. 42.

The correct rule is laid down in the case of Johnson's Adm'r v. Rutland R. Co., 93 Vt. 132, 106 Atl. Rep. 682.

"There is little, if any, support for the rule by the analogy (meaning the rule at common law respecting capacity to commit crime). Capacity to commit crime, involving as it does discretion to understand the nature and illegality of the particular act constituting the crime, is one thing, and capacity to care for one's personal safety is another, and quite a different thing. It is a matter of common knowledge that many children under seven years of age have some intelligence of situations and circumstances affecting

their personal safety. While the rule has the merit of simplicity, it is purely arbitrary, and lacks the sanction of reason and experience. When a child reaches a stage of development at which he should be deemed capable of exercising judgment and discretion respecting his personal safety, is, from its very nature, incapable of arbitrary determination. The test of age alone is not sufficient. Much depends upon the circumstances of the particular case, especially the mental development and previous training and experience of the child." (45 C. J. 1002.)

The rule is undoubtedly established in this jurisdiction that the plaintiff need not negative contributory negligence which is a defense that the defendant must make (see Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 South. Rep. 767; City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182; Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 South. Rep. 918; Groover v. Hammond, 73 Fla. 115, 75 South. Rep. 857), and the plea admits negligence on defendant's part but seeks to avoid liability therefor by averring that the plaintiff was guily of negligence which contributed to his injury. 5 Ency. Pl. & Prac. 11.

The plea having been made could not be avoided and its effect destroyed as was attempted in this case by the replication that the plaintiff was not familiar with the operation of the truck, which is obviously no reply.

The replication to the third plea denied that any printed instruction such as averred in the plea appeared on the truck and secondly that the instruction had been waived by the defendant permitting persons other than the driver to ride on the truck. The second replication to that plea presented no issuable fact because whether the plaintiff was warned by the printed instructions on the truck was a matter solely

within the breast of the plaintiff. He may have seen it and not read it, or observed it and not been warned by it after observing it. Whether he was warned by it was not the question, but whether it was apparent and could have been seen and observed by a reasonably prudent person.

On the question of the negligence of the driver we are not able to say that the evidence is so unsatisfactory that as a matter of law the verdict should be set aside, although we have discovered little if anything in the evidence that marked the conduct of the driver with any unusual or extraordinary recklessness that would set him in a class to himself amongst most of the operators of milk wagons in their daily rounds. Whether the alleged negligent driving of the truck threw the plaintiff from it, or whether, the plaintiff having fallen, there was negligence in not observing him in time to avoid the injury by stopping the truck, is unimportant to determine as we deem the evidence of negligent driving sufficient to sustain that issue and the plea of contributory negligence admits negligence in that regard.

On the question of the contributory negligence of the plaintiff we fail to find any evidence to support the theory that either his age, mentality or training was such as to render him incapable of appreciating the danger and of caring for himself in the circumstances. The injuries which he sustained were unquestionably very severe and the case is most pitiable but that circumstance should not alone entail a heavy responsibility upon the defendant.

On the question presented by the third plea, that is to say the issue tendered by the replication to that plea, that the defendant waived the printed instructions, we think the evidence is sufficient to support the replication that the same was waived.

The charge of the court upon the matter of damages as affected by the consideration of the plaintiff's probable diminished earning capacity after reaching the age of twenty-one years, in failing to direct the jury that when it ascertained what amount of earnings the plaintiff would probably lose after attaining twenty-one years, to reduce the amount to its present value, was error. See F. E. C. Ry. Co. v. Young, 104 Fla. 1256, 140 South. Rep. 467.

It is unnecessary to discuss other assignments of error involving the questions whether the plaintiff was a trespasser, the waiver of the printed instructions and the driver acting beyond the scope of his authority in allowing the plaintiff to ride on the truck, because the evidence seems to support the replication of waiver of that instruction.

We consider the evidence of negligence in operating the truck sufficient to support that issue in plaintiff's behalf, likewise the evidence as to waiver of the instruction against trespassers on the truck is sufficient to support the issue on plaintiff's behalf. So in remanding the case for a new trial we direct the issues to be confined to the question of contributory negligence and the damages sustained, under proper instructions as to the rule for ascertaining the correct measure of damages.

Judgment reversed.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.