CHERRY TURNER by her father and next friend, C. L. TURNER, v. S. J. T. SEEGAR;  C. L. TURNER v. S. J. T. SEEGAR.

10 So. (2nd) 320                                  Division A
October 30, 1942

644

George Palmer Garrett, and Walter E. Smith, for appellants.

Warren B. Parks, for appellee.

ADAMS, J.:

These appeals are from final judgments for defendant based on jury verdicts.

Two appeals are involved, that of Cherry Turner, a minor, and her father, where damages were sought

against appellee. Cherry Turner, a child nearing six years of age, was injured by appellee's automobile. She, with other children, was waiting beside the road before going to school. Appellee approached in his car at a moderate rate of speed. It was a clear day with no traffic and no obstructions of view. Cherry Turner suddenly entered the road in front of the oncoming car but was not observed by appellee until the moment of impact. The car was promptly stopped. There was dispute as to the speed of the car as well as to the warning. We find ample evidence upon which the jury might have concluded that the speed was reasonable and warning, if necessary, was given.

The first question we will consider is whether a child of less than six years of age can be guilty of contributory negligence. There is a division of authority on this question. This Court however, upon logic and authority settled this question adversely to appellant in Dupuis v. Heider, 113 Fla. 679, 152 So. 659, wherein it was said:

"Age is not the determining factor always on the question of the capability of exercising care. If a person is capable by reason of mentality, intelligence, experience, training, discretion, alertness, of exercising care in a given situation he is amenable to the consequences of his contributory negligence in a transaction resulting in his injury. Lederer v. Connecticut Co., 95 Conn. 520, 111 Atl. Rep. 785; Fishburn v. Burlington & N. W. R. Co., 127 Iowa 483, 103 N.W. Rep. 481; Meserve v. Libby, 115 Me. 282, 98 Atl. Rep. 754; Mattey v. Whittier Machine Co., 140 Mass. 337, 4 N.E. Rep. 575; Rinaldi v. Levgar Structural Co., 97 N.J.L. 162, 117 Atl. Rep. 42."

The Court properly charged the jury on this question as follows:

"It is a matter of comman knowledge that age alone is not sufficient to determine whether or not a child is capable of appreciating danger and of exercising care for his own safety, or that if he fails to do so he may be held guilty of contributory negligence which will bar his recovery. In determining whether or not a child is guilty of contributory negligence in addition to his age much depends upon his mental development, previous training, and experience; therefore, if you find from the evidence that by reason of her mentality, intelligence, experience, alertness and training, that Cherry Turner was capable of appreciating danger and exercising care for her own safety, and failed to do so, and that such failure proximately contributed to her injuries then she cannot recover in this action and you must find for the defendant. In your entire consideration of the question of contributory negligence including your consideration of all instructions relating to same, you should bear in mind the foregoing instruction."

It is next contended that error was committed by refusing to charge the jury on the doctrine of last clear chance. It is insisted that if contributory negligence was an issue, then necessarily, the charge on last clear chance should be given. The purpose of this rule of law is to require persons to continue the exercise of due care for his fellowman's safety after it is apparent that the latter has by his own neglect placed himself in danger. The facts of this case made no such case. The facts would not have supported a verdict upon that theory hence it was proper to refuse

to charge thereon. See Davis v. Cuesta, 146 Fla. 471, 1 So. (2nd) 475.

We have examined the other questions and find them without merit.

The two judgments are affirmed.

BROWN C. J., and WHITFIELD, J., concurs.

BUFORD, J., concurs specially.

BUFORD, J., concurring specially:

I concur in what is said in the opinion prepared by Mr. Justice ADAMS, but I also am convinced that if any error had been made as complained of it would have been harmless because no actionable negligence was shown to have been committed by the defendant and therefore there was no ground upon which plaintiff could recover.