143 So.2d 897 (1962)
Woodrow Thomas BLUE, a Minor, by His Father and Next Friend, Thomas Blue, and Thomas Blue, Individually, Appellants,
v.
The DRACKETT PRODUCTS CO., an Ohio Corporation, Appellee.
No. 61-820.
District Court of Appeal of Florida. Third District.
September 4, 1962.
Rehearing Denied September 21, 1962.
Sams, Anderson, Alper & Spencer, Miami, for appellants.
Wicker, Smith, Blomqvist, Hinckley & Davant and Anthony Reinert, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., HORTON, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
PEARSON, TILLMAN, Chief Judge.
The appellant, Woodrow Thomas Blue, was seven years of age at the time of the *898 accident which formed the basis for this action. While on an errand for his father, the child obtained from a shelf a can of the product known as "Drano", placed water in the can, recapped it and was severely injured when the can exploded.
This appeal is from a final judgment based on a jury verdict finding the appellee not guilty. We reverse for a new trial because we hold that certain evidence was improperly excluded from the consideration of the jury.
The appellants, as plaintiffs, charged that the defendant, the manufacturer and distributor of "Drano", was guilty of negligence in failing to give an adequate warning by label or otherwise of the inherently dangerous explosive potential of the commodity. "Drano" contains sodium hydroxide (caustic soda) and generates an explosive gas when mixed with water. The label on the can gave general instructions as to use, warned that it was poison, set out suggested antidotes to the poisonous substance, and warned that water should be kept out of the can.
The plaintiffs, as appellants, contend that the trial court erred in three particulars, i.e., (1) in failing to give adequate charge on the issue of the minor-appellant's contributory negligence; (2) in sustaining objection to a question propounded to and answer given by the mother of the minor appellant as to whether or not the location of the can of Drano would have been the same had she known of its explosive potential when water was added; and (3) in that the court's charges to the jury overemphasized the negligence of the minor appellant.
Upon appellants' first point, we conclude that the charge was sufficient under the pronouncement of the Supreme Court of Florida in Turner v. Seegar, 151 Fla. 643, 10 So.2d 320.
Appellants' third point urges that in its charges to the jury the court overemphasized the issue of the negligence of the minor appellant by referring to it at least eight times. We have examined the charges and fail to find wherein any more emphasis was given to the minor appellant's contributory negligence than was given to the appellee's negligence as a proximate cause of the injury sustained.
Regarding appellants' second point, it appears from the label on the Drano can that it contains instructions to keep out of the reach of children and the words "Keep water out of can". Mrs. Blue testified that she had never read these words, but had read only three words on the label  "Drano", "poison", and "antidotes". Further, she testified that she had instructed the minor plaintiff concerning poisonous substances; that she did not know the product was potentially explosive; and that consequently she had never warned the child against putting water in the can.
During the presentation of plaintiffs' case, the mother of the minor plaintiff was asked whether she would have kept the product involved on the shelf accessible to the child had she known it would explode if water were added. She answered in the negative. Upon objection by the defendant, the court sustained the objection and instructed the jury to disregard the question and answer. We conclude that by excluding this evidence, plaintiffs were denied their right to prove by direct evidence a material issue raised by the pleadings as to whether the injury was directly caused by the claimed insufficiency of the label to warn the mother that the can had an explosive potential in addition to its danger as a poison. While the question propounded required testimony of what would have been done under circumstances that never existed, the real character of such evidence was the present knowledge of the only witness who knew and could say what would have been done had the explosive propensities of the product been known. Because this testimony was excluded, the jury was deprived of evidence which could have had a material bearing upon the outcome *899 of its deliberations. Searfoss v. Lehigh Valley R. Co., 76 F.2d 763, (2d Cir.1935); United States v. Aleli, 170 F.2d 18, (3rd Cir.1948).
In this case the child was presumably unable to read the label at all. Under these circumstances, we are not presented with the applicability of the rule which says the adequacy of a label is of no value if it is not read and considered. Bean v. Ross Manufacturing Co., 344 S.W.2d 18, 30 (Mo. 1961). Further, it is clear that a manufacturer of an inherently dangerous substance must plainly warn of its propensities so that those handling the substance may take proper precautions. Tampa Drug Company v. Wait, Fla. 1958, 103 So.2d 603. See also McClanahan v. California Spray-Chemical Corp., 194 Va. 842, 75 S.E.2d 712.
Therefore we reverse for a new trial under the assignments directed to appellants' second point, all of which allege error upon the court's refusal to allow the testimony of the mother pertaining to what her actions would have been if the label had warned her of the explosive nature of the product. The judgment is therefore reversed with directions to grant appellants' motion for a new trial.
Reversed.
HORTON, Judge (dissenting).
I dissent from the conclusion and the reasons therefor reached by the majority in this case.
As I understand the majority view, they are reversing the cause and returning it for new trial because of the alleged error of the trial judge in refusing to permit testimony by the mother of the minor plaintiff as to what actions she would have taken had she known that the can of Drano contained a substance which would explode if water were added. It is my view that the trial judge was eminently correct in excluding such testimony since the alleged charge of negligence was the failure of the appellee defendant to give any warning or sufficient warning by label or otherwise of the inherently dangerous explosive potential of the commodity known as Drano. Since the mother of the minor testified that she had read only three words on the can  namely, Drano, poison, and antidote  it would appear obvious that her testimony as to what she would have done had she read the label in its entirety, or otherwise knew of the explosive potential of the product when combined with water, would be highly improper and conjectural. What the witness might have done had she read the warnings on the label would appear to be of no evidentiary value in proving the appellee's alleged negligence in failing to give a sufficient warning by label of the dangerous potential of the commodity.
Assuming, for the purposes of argument, that the excluded testimony might have had some probative value, I still feel that its exclusion would constitute harmless error and certainly not be a basis for reversal of the cause for new trial. The jury was instructed with clarity and at length as to the duty owed by the appellee, proximate cause, and contributory negligence. I believe it would serve no useful purpose to return this cause to the trial court for submission of the same facts to another jury.
Accordingly, I would affirm the judgment appealed.