152 So.2d 463 (1963)
The DRACKETT PRODUCTS CO., an Ohio corporation, Petitioner,
v.
Woodrow Thomas BLUE, a minor, by his father and next friend, Thomas Blue, and Thomas Blue, individually, Respondents.
No. 32187.
Supreme Court of Florida.
April 3, 1963.
Rehearing Denied May 13, 1963.
*464 Wicker, Smith, Blomqvist, Hinckley & Davant, and Anthony Reinert, Miami, for petitioner.
Sams, Anderson, Alper & Spencer and Sam Daniels, Miami, for respondents.
DREW, Justice.
The sole question presented here[1] is whether the District Court of Appeal, Third District, was correct in reversing a judgment for the defendant and granting a new trial[2] because the trial court sustained an objection to and instructed the jury to disregard the following question and answer in a suit to recover damages resulting from the explosion of a can of Drano, viz.:
"Q. I want to ask if she knew that day what she knew after the accident, that this would explode with water in it, would she have kept it on the shelf.
"A. I would not."
Two additional points were relied on before the District Court by the unsuccessful plaintiff but both points were rejected. These rulings[3] are not contested here and we express no opinion concerning the correctness thereof.[4]
We now turn to the point here, referred to by the District Court as the "second point." It is undisputed that the label on the Drano can contained instructions to keep out of the reach of children and the words "keep water out of can." The mother, to whom the critical question was directed and from whom the answer was obtained, testified that she had never read the words above emphasized but had read only *465 three words on the label, viz.: "Drano", "poison" and "Antidotes." She further testified that she had instructed her injured seven year old son concerning poisonous substances, that she did not know the product was potentially explosive and that consequently she had never warned the child against putting water in the can. This being the state of the record and the undisputed evidence before the trial judge, we must agree with the observations of the learned dissenting judge below: "it would appear obvious that her testimony as to what she would have done had she read the label in its entirety, or otherwise knew of the explosive potential of the product when combined with water, would be highly improper and conjectural. What the witness might have done had she read the warnings on the label would appear to be of no evidentiary value in proving the appellee's negligence in failing to give a sufficient warning by label of the dangerous potential of the commodity."
Conjecture has no place in proceedings of this sort. It would be a manifest impossibility for the defendant to have disproved the statement elicited from the mother because it involved not the proof of a fact but a state of mind concerning which only the mother could establish. Moreover, the answer to such a question would be obvious from the inception. The law seems well established that testimony consisting of guesses, conjecture or speculation  suppositions without a premise of fact  are clearly inadmissible in the trial of causes in the courts of this country. A statement by a witness as to what action he would have taken if something had occurred which did not occur  particularly in those instances where such testimony is offered for the purpose of supporting a claim for relief or damages  or what course of action a person would have pursued under certain circumstances which the witness says did not exist will ordinarily be rejected as inadmissible and as proving nothing.[5]
We have carefully examined the cases relied upon by the District Court[6] and we can ascribe to these decisions no approval of the critical question and answer here set in the framework of the evidence which was then before the jury and the trial judge. The facts in U.S. v. Aleli are entirely different from the facts here. In that case the secretary of a Selective Service Board was permitted to testify that had he been notified of a change in the defendant's employment he would have changed his status from deferred to private business in accordance with the applicable regulations. We agree that in that case the question and answer were properly admitted. While we agree to the circuit court's conclusion in the Searfoss case, we must frankly confess that we find difficulty in agreeing to the reasoning by which it was reached. The question there was germane on proof relating to whether the plaintiff was guilty of contributory negligence and, as we read the decision, the question was primarily one concerning that issue and not the state of mind of the driver of the railroad vehicle. The only inquiry, as we read the opinion, was whether the plaintiff riding on the vehicle was guilty of contributory negligence in not warning the driver of excessive speed. Such is not the case here. If we are incorrect in our construction of the Searfoss decision and if the contentions of the appellee here with reference to it are correct, we decline to follow it.
The questioned decision of the District Court is quashed with directions to affirm the judgment of the trial court.
ROBERTS, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.
*466 TERRELL and THOMAS, JJ., dissent.
THOMAS, Justice (dissenting).
I dissent because I believe the question is one which we are not obligated to answer.
NOTES
[1] This case has been certified to this Court under Art. V, Sec. 4(2), Florida Constitution, F.S.A., as one that passes upon a question of great public interest. See Susco Car Rental System of Florida v. Leonard (Fla. 1959), 112 So.2d 832; Zirin v. Charles Pfizer & Co. (Fla. 1961), 128 So.2d 594; Carraway v. Revell (Fla. 1959), 116 So.2d 16.
[2] The decision below is reported in 143 So.2d 897 (Fla.App. 1962).
[3] Ibid., p. 898.
[4] While, on certification, as here, "our scope of review [extends] to a determination of whether the opinion and judgment of the district court is correct," Carraway v. Revell, supra note 1, as in other appellate proceedings points not argued are deemed abandoned. F.A.R. 3.7 i.
[5] 32 C.J.S. Evidence § 450, pp. 87-88. Also see Roe v. State (1928), 96 Fla. 723, 119 So. 118, for an analogous rule in a criminal action. Cf. Food Fair Stores, Inc. v. Trusell (Fla. 1961), 131 So.2d 730.
[6] Searfoss v. Lehigh Valley R. Co., 2 Cir., 76 F.2d 762, 763; United States v. Aleli, 3 Cir., 170 F.2d 18.