REED, Judge.
This is an appeal by the plaintiff from an adverse final judgment entered by the Cir *187 cuit Court of Broward County, Florida, on 5 November 1968 in a personal injury action. The case was tried before a jury on the issue of liability only. The jury returned a verdict in favor of the defendants.
The complaint alleges that the minor plaintiff, Linda Sue Swindell, was struck and injured by an automobile on 30 September 1966. At the time of the accident the minor plaintiff was four years and seven months of age. The automobile was driven by one Jesse Colberto Ramirez, then age 17, and owned by the defendant Donald Hell-kamp. The adult plaintiff in this case, Nadine Swindell, is the mother of Linda Sue Swindell. The evidence indicates that Linda ran across the street after having emerged from behind a row of shrubs and was struck by the front of the automobile driven by Ramirez.
The points presented by the appellants are, as stated in their brief:
“Point I. Whether a minor child 4 years, 7 months old can be guilty of contributory negligence as a matter of law.”
“Point II. Whether the court erred in failing to instruct the jury that a minor operating a motor vehicle is held to adult standards in such operation.”
Under Point I the appellants argue without reference to any of the facts surrounding the minor plaintiff and her accident that she is not chargeable with contributory negligence because as a matter of law a child four years seven months of age cannot be guilty of contributory negligence. With this as a premise, the appellants assert that the trial judge committed reversible error in not granting their motion for a directed verdict as to the issue of the child’s contributory negligence which was pled as an affirmative defense. Basically what the plaintiffs are asking this court to do is to lay down a rule as a matter of policy which would have the effect of exempting from contributory negligence all children four years seven months of age.
Plaintiffs’ approach has been rejected in Turner v. Seegar, 1942, 151 Fla. 643, 10 So.2d 320. In that case the Florida Supreme Court held that it was proper for the trial court to have allowed the jury to determine whether or not a child “nearing six years” was contributorily negligent. The court there said, quoting the earlier case of Dupuis v. Heider, 1934, 113 Fla. 679, 152 So. 659, 661.
“ ‘Age is not the determining factor always on the question of the capability of exercising care. If a person is capable, by reason of mentality, intelligence, experience, training, discretion, alertness, of exercising care in a■ given situation, he is amenable to the consequences of his contributory negligence in a transaction resulting in his injury.’ ” (Emphasis added.)
Under this rule the duty of the trial court in dealing with the issue of a child’s contributory negligence is to determine by reference to the criteria mentioned above whether or not a jury of reasonable men could reasonably differ on the question of the child’s capacity for exercising any self-protective care with respect to the particular circumstances before the court. If it appears that the child unquestionably had no capacity for exercising such care in the circumstances, then of course the trial judge may take the issue from the jury and decide it as a matter of law; however, where jurymen could reasonably disagree on the point, the issue, like any other issue of ultimate fact in a negligence case, should be submitted to the jury with proper instructions. Of necessity, the trial court’s handling of this issue cannot be reversed by an appellate court unless error is clearly shown. Such is not the case here. The present record indicates that the minor plaintiff had received instructions from her mother regarding the hazards of traffic; therefore, a jury could reasonably have concluded that she had some capacity for exercising care. The question as to whether or not she exercised that degree of care *188 which the law requires of a child was properly for the jury.
The editor’s comment in the Restatement of Torts, Second, § 283A at page 15, supports our view. It states:
“ * * * The prevailing view is that in tort cases no such arbitrary (age) limits can be fixed. Undoubtedly there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found; but with the great variation in the capacities of children and the situations which may arise, it cannot be fixed definitely for all cases.”
The appellants do not contend that the trial court’s instruction with respect to the standard of care appropriate for a child was erroneous. The instruction which the trial court gave was Florida Standard Jury Instruction 4.4 and was in fact requested by the plaintiffs.
The plaintiffs rely on the case of Winner v. Sharp, Fla. 1949, 43 So.2d 634, 636, wherein the court in dictum stated that a three year old child is not capable of contributory negligence. The dictum in the Winner case may well be correct, but it simply does not apply to the facts of our case where the record showed that the child was over four years and had instruction in connection with the hazards of traffic.
Likewise we see no merit in the second point which the appellants raise. The trial court instructed the jury properly on the standard of adult care which was applicable to the defendant Ramirez in the operation of the automobile. Had the trial judg-e charged the jury that a minor is held to an adult standard in operating an automobile this would have been nothing but surplusage even though the underlying proposition of law is correct as an abstract principle. See Medina v. McAllister, Fla.1967, 202 So.2d 755.
The judgment appealed from is affirmed.
WALDEN, J., concurs.
CROSS, C. J., dissents, with opinion.