242 So.2d 708 (1970)
Linda Sue SWINDELL, a Minor, by and through Her Mother and Next Friend, Nadine Swindell, and Nadine Swindell, Individually, Petitioners,
v.
Donald G. HELLKAMP and Jesse Ramirez, a Minor, Respondents.
No. 39609.
Supreme Court of Florida.
November 25, 1970.
Rehearing Denied January 26, 1971.
John T. Carlon, Jr., of Coker & Carlon, Fort Lauderdale, for petitioners.
Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for respondents.
ROBERTS, Justice.
This cause is before the court on writ of certiorari following certification under *709 Florida Appellate Rule 4.5, subd. c(6), 32 F.S.A. by the District Court of Appeal for the Fourth District as presenting a question of great public interest.
The minor plaintiff, Linda Sue Swindell, was struck and injured on September 30, 1966 by an automobile that was driven by the seventeen year old defendant, Jesse Colberto Ramirez. The evidence indicated that Linda ran across the street after having emerged from behind a row of shrubs and was struck by the front of the automobile. The case was tried before a jury on the issue of liability only and the jury returned a verdict in favor of the defendants.
From the decision of the District Court reported as, Swindell v. Hellkamp, Fla. App., 232 So.2d 186, we quote:
"The points presented by the appellants are, as stated in their brief:
"Point 1. Whether a minor child 4 years, 7 months old can be guilty of contributory negligence as a matter of law.
"Point 11. Whether the court erred in failing to instruct the jury that a minor operating a motor vehicle is held to adult standards in such operation.
"Under Point 1 the appellants argue without reference to any of the facts surrounding the minor plaintiff and her accident that she is not chargeable with contributory negligence because as a matter of law a child four years seven months of age cannot be guilty of contributory negligence. With this as a premise, the appellants assert that the trial judge committed reversible error in not granting their motion for a directed verdict as to the issue of the child's contributory negligence which was pled as an affirmative defense. Basically what the plaintiffs are asking this court to do is to lay down a rule as a matter of policy which would have the effect of exempting from contributory negligence all children four years seven months of age.
"Plaintiffs' approach has been rejected in Turner v. Seegar, 1942, 151 Fla. 643, 10 So.2d 320. In that case the Florida Supreme Court held that it was proper for the trial court to have allowed the jury to determine whether or not a child `nearing six years' was contributorily negligent. The court there said, quoting the earlier case of Dupuis v. Heider, 1934, 113 Fla. 679, 152 So. 659, 661,
"`Age is not the determining factor always on the question of the capability of exercising care. If a person is capable, by reason of mentality, intelligence, experience, training, discretion, alertness, of exercising care in a given situation, he is amenable to the consequences of his contributory negligence in a transaction resulting in his injury.' (Emphasis added.)
"Under this rule the duty of the trial court in dealing with the issue of a child's contributory negligence is to determine by reference to the criteria mentioned above whether or not a jury of reasonable men could reasonably differ on the question of the child's capacity for exercising any self-protective care with respect to the particular circumstances before the court. If it appears that the child unquestionably had no capacity for exercising such care in the circumstances, then of course the trial judge may take the issue from the jury and decide it as a matter of law; however, where jurymen could reasonably disagree on the point, the issue, like any other issue of ultimate fact in a negligence case, should be submitted to the jury with proper instructions. Of necessity, the trial court's handling of this issue cannot be reversed by an appellate court unless error is clearly shown. Such is not the case here. The present record indicates that the minor plaintiff had received instructions from her mother regarding the hazards of traffic; therefore, a jury could reasonably have concluded that she had some capacity for exercising care. The question as to whether or not she exercised *710 that degree of care which the law requires of a child was properly for the jury.
* * * * * *
"Likewise we see no merit in the second point which the appellants raise. The trial court instructed the jury properly on the standard of adult care which was applicable to the defendant Ramirez in the operation of the automobile. Had the trial judge charged the jury that a minor is held to an adult standard in operating an automobile this would have been nothing but surplusage even though the underlying proposition of law is correct as an abstract principle.
"The judgment appealed from is affirmed."
And from the dissenting opinion, inter alia:
"Since the application of the doctrine of contributory negligence is the result of public policy in order that all individuals may remember their own situations and be responsible for their own acts, the doctrine should have no application to a child of tender years under the age of seven, since it is not compelled by public policy prior to this time to become an active, discerning and intelligent member of our society through the learning process.
"I would reverse the judgment of the lower court and hold that as a matter of law a child under seven years of age is incapable of contributory negligence."
We have been asked to clarify this area of law which has been in this and other jurisdictions one of difficulty and confusion. On one hand we are asked to follow the common law in criminal cases, i.e., a child under the age of seven is conclusively presumed to be incapable of committing a crime. The common law rule raises a presumption of incapacity of an infant between the ages of seven and fourteen, and the presumption is that the incapacity after seven years of age decreases with the progress of his years. Cf. Clay v. State, 143 Fla. 204, 196 So. 462 (1940). On the other hand, we are cited to the proposition that in cases where jurors could reasonably disagree, the issue of ultimate fact in a negligence case should be submitted to the jury with proper instruction. Here there is no complaint against the instruction given, which is taken from "Standard Jury Instruction 4.4, Negligence of a Child:"
"Reasonable care on the part of a child is that degree of care which a reasonably careful child of the same age, mental capacity, intelligence, training and experience would use under like circumstances."
In Florida, we have held, "A three year old child is incapable of committing contributory negligence." Winner v. Sharp, Fla., 43 So.2d 634 (1949). But in Turner v. Seegar, (1942), 151 Fla. 643, 10 So.2d 320, this court held that it was for the jury to determine whether a child within nineteen days of six years was guilty of contributory negligence but that decision was based on the reasoning, quoted in Dupuis v. Heider, 113 Fla. 679, 152 So. 659 (1934) which involved the alleged contributory negligence of a thirteen year old boy.
In the absence of a legislative declaration, it is our opinion and we so hold, that the child herein involved and any other child under six years of age is conclusively presumed to be incapable of committing contributory negligence. This holding is compatible with the common law rule that a child under seven is conclusively presumed to be incapable of committing a crime inasmuch as a child must learn individual safety at an early age but social consciousness comes at a somewhat later age. Compare the following cases in which the conclusive presumption of incapacity has been recognized: Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36 (1958) (5 1/2 year old boy  struck by automobile while backing from driveway); Duffy v. Cortesi, 2 Ill.2d 511, 119 N.E.2d 241 (1954) (5 year old girl  struck by car while crossing street); Lever Brothers Co. v. Stapleton, 313 Ky. 837, 233 S.W.2d 1002 (1950) (6 *711 year old boy  struck while running across street); Nagy v. Balogh, 337 Mich. 691, 61 N.W.2d 47 (1953) (4 years and 10 months  struck by car while in street); Cox v. Hugo, 52 Wash.2d 815, 329 P.2d 467 (1958) (under six years of age); Shaske v. Hron, 266 Wis. 384, 63 N.W.2d 706 (1954) (five and a half years old); Romine v. City of Watseka, 341 Ill. App. 370, 91 N.E.2d 76 (1950) (five and a half year old boy); Gilligan v. City of Butte, 118 Mont. 350, 166 P.2d 797 (1946) (five years and 9 months).
In view of the foregoing the case sub judice must be considered on the negligence vel non of the defendant and finding none that would support a verdict against him, the trial court was correct in entering judgment for the defendant. In this posture the trial court's giving the instruction it did as to contributory negligence was harmless error.
The second question was properly answered in the decision under review.
No reversible error appearing, the decision is revised to conform to the views hereinabove expressed, and the
Writ of certiorari heretofore issued is discharged.
It is so ordered.
ERVIN, C.J., and DREW, CARLTON and BOYD, JJ., concur.