NIMMONS, Judge.
This is an appeal from a final summary judgment in favor of the defendant/appel-lee in a product liability case. Because the record reflects genuine issues of material fact, we reverse.
The record shows that the 15 month-old appellant, Thomas C. Gainey, III, while being cared for in the home of his great-grandmother, Juanita Duncan, ingested some Blue Ball Rat Poison (manufactured by the appellee) which had been placed overnight in a pan under a coffee table by Mrs. Duncan. The child became ill and required emergency treatment.
Mrs. Duncan had experienced a rat problem and had obtained the rat poison from a neighbor. In view of Mrs. Duncan’s eyesight deficiency, the neighbor read to Mrs. Duncan the instructions and warning from the container’s label.[1]
Appellants filed suit against appellee alleging negligence based upon the inadequacy of the instructions and warning on the product’s label.
*274 Appellee moved for summary judgment on the sole ground that Mrs. Duncan, the person using the rat poison, did not herself read the label before using the product. Two weeks prior to the hearing on appel-lee’s motion for summary judgment, appellants filed a motion for leave to file a second amended complaint (attached to the motion) which contained theories of liability additional to the one contained in the existing complaint. Subsequent to the hearing, the trial court entered summary judgment in favor of defendant/appellee. On the same day, the trial court denied, as moot, appellants’ motion for leave to file the second amended complaint.
We are presented with the rather narrow issue of whether, as a prerequisite to appellants’ recovery on the basis of alleged inadequacy of the warnings and instructions on the product label, Mrs. Duncan as user of the product must herself have read the label.[2]
Although the issue has apparently not been addressed in Florida, it is apparent to us that where the consumer causes the label to be read to her and uses the product in accordance with the label, her failure to personally read the label does not insulate the manufacturer from liability for inadequacy of warning. See Ferebee v. Chevron Chemical Company, 552 F.Supp. 1293 (D.C.1982) (manufacturer not insulated by fact that employer read instructions on label to employees using herbicide paraquat). The cases cited by appellee[3] for the contrary conclusion are not controlling. In those cases, the user in no way depended upon the warning or lack thereof in using the product. In that circumstance, there is no causal link between a failure to warn and the occurrence of an injury.
It appears from the various affidavits and depositions of record that there is a factual dispute as to whether the label was read to Mrs. Duncan or whether the use was merely explained. The extent to which any failure of the manufacturer to warn caused the injury is of course an issue for the jury to resolve. See, e.g., Edwards v. California Chemical Company, 245 So.2d 259 (Fla. 4th DCA 1971).
Appellants also assert that the trial court erred in refusing to consider the appellants’ motion for leave to amend prior to granting the appellee’s motion for summary judgment and then denying the motion to amend as moot. We agree with appellants. On remand, the trial court should grant appellants leave to file the proffered second amended complaint.
Reversed and remanded.
JOANOS and THOMPSON, JJ., concur.

. There is some dispute as to whether the neighbor merely explained the instructions or actually read them to Mrs. Duncan. One affidavit says that she actually read them. Of course, for purposes of summary judgment, the facts must be considered in the light most favorable to the non-moving party.

. We do not have before us, and do not address, the issue of the adequacy of the label, nor have we been called upon to decide whether the product was used in accordance with the instructions and warnings on the label.

. Ashby Division of Consolidated Aluminum Corp. v. Dobkin, 458 So.2d 335 (Fla. 3rd DCA 1984); Drackett Products Co. v. Blue, 152 So.2d 463 (Fla.1963).