PER CURIAM.
Because there was conflicting evidence on the issue of the plaintiffs comparative negligence, the trial court should not have entered a judgment for the plaintiff notwithstanding the jury verdict. Nunberg v. Brodsky, 224 So.2d 727 (Fla. 3d DCA 1969) (where evidence is in conflict and verdict thereon is not manifestly against weight of evidence, court should not interfere and set aside jury verdict). The question of apportioning negligence between the plaintiff and defendant is peculiarly within the province of the jury. Tyus v. Apalachicola Northern Railroad, 130 So.2d 580 (Fla.1961) (conflicting testimony on question of defendant’s' negligence, particularly where comparative negligence rule applies, is absolutely within province of jury); St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla. 3d DCA 1982) (question of apportioning negligence between plaintiff and defendant is one that is particularly within province of jury).
Plaintiff San Pedro brought this action against South Florida Beverage Corporation and its employee, Fernandez, alleging that Fernandez, while acting within the scope of his employment with South Florida Beverage, negligently pushed a pallet full of Pepsi-Cola bottles into his left foot, causing injuries. The defendants denied the allegations of negligence and raised the affirmative defenses of comparative negligence and assumption of risk. A jury returned a verdict of $12,500 and found plaintiff fifty-two per cent at fault.
San Pedro thereafter filed a renewed motion for a directed verdict on the issue of liability and a motion for judgment in accordance with motion for directed verdict, contending that there was no negligence on his part and that he should have a judgment entered in his favor for the full amount of the damages. This appeal is from a final judgment entered for San Pedro on his motion for judgment in accordance with the motion for a directed verdict.
The facts show that San Pedro, in the course of his employment, was in the receiving area of a supermarket in Hialeah to make a delivery of meat and that Fernandez was there at the same time to stock the supermarket’s shelves with Pepsi-Cola bottled drinks. Two employees of the supermarket were assisting San Pedro in unloading his truck.
In transferring the bottles of soft drinks from the truck to the store, Fernandez used a mobile platform called a “bird cage.” When fully loaded with wooden crates the platform weighs about 800 pounds, stands taller than the user, is propelled by pushing, and offers the user little frontal visibility. Before the accident occurred Fernandez had passed San Pedro in the receiving area, with the noisy platform, without incident.
Fernandez testified that after stocking some of the merchandise he came out of the store and gave a warning to the others to “watch out, I’m coming through with the bird cage” and that San Pedro acknowledged the warning by looking at Fernandez. An employee of the store who was assisting San Pedro recalled Fernandez giving three warnings, two before he began to move the platform and another after the platform was in motion. There was also evidence that San Pedro had been to this *917 particular supermarket many times before, at the same time as Fernandez, and that he was familiar with the unloading area and the delivery procedures at the receiving dock.
On this record it cannot be said as a matter of law that the jury’s finding of comparative negligence is supported by “no evidence whatever.” See Wheaton v. Bok-nert Roofing & Supply Co., 369 So.2d 1016, 1018 (Fla. 3d DCA 1979) (quoting Mullís v. City of Miami, 60 So.2d 174, 176 (Fla.1952)).
Reversed and remanded with instructions to enter a judgment in accordance with the jury verdict.