549 So.2d 220 (1989)
Terrence C. BONICA, a Minor BY AND THROUGH Lillian AVANT, His Mother and Natural Guardian, Appellant,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 88-1804.
District Court of Appeal of Florida, Third District.
September 19, 1989.
*221 Mandina & Ginsberg and Mark Ginsberg, for appellant.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Geralyn M. Passaro, for appellee.
Before HUBBART and BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Terrence C. Bonica, a minor, by and through Lillian Avant, his mother and natural guardian, from an adverse final judgment entered upon a directed verdict after the jury had returned a verdict in his favor, subject to a 40% comparative negligence finding. The gist of the plaintiff's claim below was that the defendant Dade County School Board negligently supervised a large group of kindergarten children as they were preparing to enter their respective classrooms at a public grade school in Dade County, and that the plaintiff, a six-year-old kindergarten student, was injured when a classmate assaulted him and caused a pencil which the plaintiff had in his pants pocket to puncture the plaintiff's leg. We reverse the final judgment under review and remand the cause with directions to enter judgment in favor of the plaintiff in accord with the jury's verdict; we reach this result based on the following briefly stated legal analysis.
First, there was evidence adduced below upon which a jury could reasonably conclude, as it obviously did, that the school principal herein negligently deviated from the requirements of the Dade County School manual by not having available school teachers on duty as supervisory personnel at the classroom doorways when the children lined up to enter the classroom. The plaintiff was injured during this crucial time and there is evidence that the sued-upon assault would not have occurred had the teachers been at their stations as the school manual requires. This being so, the issue of whether there was actionable negligence in this case was a question for the jury to decide. Broward County School Bd. v. Ruiz, 493 So.2d 474 (Fla. 4th DCA 1986); Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985), writ dismissed, 491 So.2d 280 (Fla. 1986).
Second, the defendant school board cannot rely on the defense of sovereign immunity even assuming, without deciding, that the decision as to the number of employees to hire for student supervisory duties at a particular public school is a discretionary decision of the school board. This is so because the gist of the plaintiff's claim is not that the defendant school *222 board negligently failed to assign adequate numbers of supervisory personnel to the subject public school; his complaint is that the school principal negligently failed to carry out an operational duty to deploy the supervisory personnel at the school in accord with the school board manual. This being so, the defendant school board has no sovereign immunity defense for the negligent performance of this operational duty. See Avallone v. Board of County Comm'rs of Citrus County, 493 So.2d 1002 (Fla. 1986).
Third, we find no merit, however, in the plaintiff's contention that the plaintiff could not, as a matter of law, be guilty of contributory negligence. There was sufficient evidence in this record upon which the jury could have reasonably found that this six-year-old youngster participated in the shoving incident which led to the horseplay assault in the instant case, and that he had the necessary maturity to appreciate the nature and consequences of his acts. Turner v. Seegar, 10 So.2d 320 (1942); Dupuis v. Heider, 113 Fla. 679, 152 So. 659 (1934); South Fla. Beverage Corp. v. San Pedro, 499 So.2d 915 (Fla. 3d DCA 1986).
The final judgment under review is reversed, and the cause is remanded to the trial court with directions to enter judgment for the plaintiff in accord with the jury's verdict.
Reversed and remanded.