976 So.2d 1150 (2008)
Julia GEARHART-SOTO and Robert Soto, Appellants,
v.
Martin DELSMAN, as guardian of Joshua Delsman and Alison Delsman, his wife, as guardian of Joshua Delsman, Two Headed Shark, LLC d/b/a Ripley's Believe It or Not!, Ancient City Entertainment, Ltd. d/b/a Ripley's Believe It or Not! and the School Board of Broward County, Appellees.
No. 4D07-1819.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
Rehearing Denied April 10, 2008.
Lee B. Gartner of Lee B. Gartner, P.A., Coral Springs, for appellant Julia Gearhart-Soto.
Shelley H. Leinicke and Rachel Turner of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Fort Lauderdale, for appellee Ripley's Believe It or Not!.
Nicolette N. John and Thomas W. Paradise of Vernis & Bowling of Broward, P.A., Fort Lauderdale, for appellee School Board of Broward County.
DAMOORGIAN, J.
Julia Gearhart-Soto (Gearhart-Soto) appeals a summary judgment in favor of Ripley's Believe It or Not and the School Board of Broward County. We reverse because genuine issues of material fact remain regarding the School Board's negligence. See Albelo v. Southern Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). We affirm the final summary judgment in favor of Ripley's.
By way of background, Gearhart-Soto was one of four chaperones on a class trip to St. Augustine that included a tour of Ripley's museum. One of the chaperones was a teacher employed by the School Board.
*1151 During the tour of the museum, the school teacher remained outside to monitor students who did not want to participate in the tour. The remaining chaperones, including the appellant and Barrington Tyler, accompanied those students who elected to tour the museum. During the tour, student Joshua Delsman climbed over a fence designed to stop the public from touching a two-way mirror at one of the exhibits. Tyler witnessed Delsman's misconduct but chose not to intervene because he did not believe he had the authority to stop Delsman. At some point, Delsman became aware that a security guard was coming in his direction, and immediately attempted to climb back over the fence to avoid detection. While climbing back over the fence, Delsman fell and was injured. Gearhart-Soto came to Delsman's aid and in the process was herself injured. Appellant sued the School Board for negligence alleging that the School Board breached its duty to properly train and supervise field trip chaperones.
The School Board argues that its decisions relating to the chaperones amounted to planning level or discretionary decisions for which there is immunity from appellant's suit. See Avallone v. Bd. of County Comm'rs of Citrus County, 493 So.2d 1002, 1005 (Fla.1986). We disagree. In reaching our conclusion, we are guided by the Supreme Court's decision in Rupp v. Bryant, 417 So.2d 658, 665 (Fla.1982). There, the court held that the duty to supervise students is operational. Id. (citing Cook v. Bennett, 94 Mich.App. 93, 288 N.W.2d 609 (1979)) (failure of a principal to supervise teacher is negligent performance of ministerial duty).
Whether the School Board is liable to Gearhart-Soto for the teacher's absence from the museum, for the chaperone's inaction, or for failing to properly train the chaperones as to their supervisory authority are questions of fact for which a jury may find the School Board liable. See Bonica By and Through Avant v. Dade County Sch. Bd., 549 So.2d 220 (Fla. 3d DCA 1989).
We therefore reverse the summary judgment granted in favor of the School Board and remand for further proceedings.
Affirmed in Part, Reversed in Part.
KLEIN and HAZOURI, JJ., concur.