**Oren Alan KYLE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25544.**

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

Frank Grayson, Jack L. Spivey, Oklahoma City, Okl., for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Ronald J. Blask, Malcolm R. Dimmitt, Asst. U. S. Attys., Houston, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Appellant, Oren Alan Kyle, was stopped by United States Customs officials as he entered the United States from Mexico. After narcotics paraphernalia and what appeared to be heroin were found on his person, he was arrested. A three-count indictment charging violation of the narcotic laws was returned by a grand jury. A jury trial resulted in his conviction on two counts, the court having withdrawn one of the counts.

In post-verdict remarks the court commented that "I think you have made about the only disposition of this case you could have made under the circumstances," and requested the prosecutor to seek a perjury indictment against Kyle. Subsequently Kyle was indicted, tried and convicted of perjury for his testimony in this case. He has not appealed and the judgment in the perjury case has become final. He appealed, however, from the conviction, judgment and sentence in the narcotics case, asserting that comments and intrusion by the trial judge in the trial denied him a fair trial. We affirm.

During the trial the judge asked a number of questions of witnesses for both sides. He questioned Customs officials concerning when and how Kyle was informed of his constitutional rights. Kyle was also questioned on three subjects: the manner in which he disrobed for the search; the possibility that he might have been under the influence of alcohol when talking with the agents; and whether his response "I do not recall" meant "It did not happen." Each of these judicial inquiries was based upon a need to clarify testimony which was unresponsive or in direct conflict with other testimony.

In charging the jury the court commented on the evidence. Both before and after such comment, however, the court made it clear to the jury that they should rely on their own recollection over the court's and that all matters of fact were submitted to their determination and that conclusions upon such matters were theirs, not his to make.

The trial judge is not a mere moderator. Herron v. Southern Pacific Co., 1931, 283 U.S. 91, 95, 51 S.Ct. 383, 75 L.Ed. 857; Billeci v. United States, 1950, 87 U.S.App.D.C. 274, 184 F.2d 394, 403, 24 A.L.R.2d 881. In his actions the trial judge is held to a standard of fairness and impartiality. Herman v. United States, 5 Cir. 1961, 289 F.2d 362, 365, cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93; United States v. Aleli, 3 Cir. 1948, 170 F.2d 18, 20; Baker v. United States, 5 Cir. 1946, 156 F.2d 386, 388, cert. denied, 329 U.S. 763, 67 S.Ct. 123, 91 L.Ed. 657. The judge may take an active part in eliciting testimony, Blumberg v. United States, 5 Cir. 1955, 222 F.2d 496, 501; and one of his chief roles is to see that there is no misunderstanding of a witness's testimony. Ray v. United States, 8 Cir. 1966, 367 F.2d 258, 261.

In charging the jury the trial judge is not limited to instructions of an

abstract nature. It is within his province, whenever he thinks it necessary, to endeavor to assist the jury in arriving at a just conclusion, to summarize and comment upon the evidence and express his opinion on the facts, provided it is made clear to the jury that the comments merely express views of the court which are not binding upon the jury and that the jury is free to determine facts according to their own judgment. Quercia v. United States, 1933, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321.

 Such an unequivocal jury instruction was twice given by the trial judge. Moreover, the questions asked were clearly for clarification of the record and acceptable under the rule of Hunter v. United States, 5 Cir. 1932, 62 F.2d 217, 220. Finally, the overall conduct of the trial judge in the total record context is clearly consistent with the impartiality required. See Herman v. United States, 5 Cir. 1961, 289 F.2d 362, 365, cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93; Baker v. United States, 5 Cir. 1946, 156 F.2d 386, 388–389, cert. denied, 329 U.S. 763, 67 S.Ct. 123, 91 L.Ed. 657.

Although we have found on this record that there was no unreasonable comment or intrusion by the court in the conduct of the trial, it further appears that no objection to the alleged error was taken at the trial.

An error not preserved at trial by exception will not be heard initially on appeal in the absence of a showing of exceptional circumstances affecting fairness, integrity or public reputation of the judicial proceedings, United States v. Socony-Vacuum Co., 1940, 310 U.S. 150, 60 S.Ct. 811, 84 L. Ed. 1129; or where there exists obvious error. United States v. Atkinson, 1936, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555. See Fed.R.Crim.P. 52(b). Cf. Samuels v. United States, 5 Cir. 1968, 398 F.2d 964 [Aug. 5, 1968]. The reason for this rule is to preclude any possibility of gambling for a favorable verdict and, should the verdict be unfavorable, resorting to appeal on errors which might have been obviated on objection. Stewart v. United States, 1957, 101 U.S.App. D.C. 51, 247 F.2d 42, 56. Consequently, in order to complain that the trial judge's remarks were prejudicial, objection below must be made thereto unless it can be shown that they prejudiced the substantial rights of the defendant. United States v. Benson, 6 Cir. 1968, 389 F.2d 376, 378–379; Manhattan Oil Co. v. Mosby, 8 Cir. 1934, 72 F.2d 840.

Appellant has failed to show such exceptional circumstances or obvious error as would warrant this court overlooking his failure to object to the alleged errors at trial.

The conviction, judgment and sentence are affirmed.

Affirmed.