[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10111
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00107-CAP-GGB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA DENESE ANDERSON,
STEPHEN PAUL THOMAS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(October 29, 2013)

Before DUBINA, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants Patricia Denese Anderson and Stephen Paul Thomas, a married couple, appeal their convictions, following a jury trial, for one count of conspiracy to defraud the government by impeding the Internal Revenue Service ("IRS") in its collection of income taxes, in violation of 18 U.S.C. § 371, and one count each of making a false claim against the government, in violation of 18 U.S.C. § 287. Thomas also appeals his 60-month total sentence, and Anderson appeals her 51-month total sentence and $10,000 fine. On appeal, Anderson and Thomas both argue that the district court: (i) erroneously denied their request for a mistrial after the court commented on the evidence; and (ii) improperly imposed two-level sophisticated-means enhancements to their sentencing guideline calculations. In addition, Anderson argues that: (i) the district court improperly admitted into evidence a letter that Anderson mailed to the court; (ii) the cumulative effect of trial errors entitles Anderson to a new trial; (iii) the district court improperly imposed a two-level obstruction-of-justice enhancement to Anderson's guideline calculations; (iv) Anderson's 51-month sentence is substantively unreasonable; and (v) the district court erroneously imposed a $10,000 fine as part of Anderson's sentence. After reviewing the record and the parties' briefs, we affirm Anderson's and Thomas's convictions and sentences, but we vacate the imposition of Anderson's fine, and remand in part.

2

I.

Anderson argues that the district court improperly admitted into evidence under Federal Rule of Evidence 404(b) a *pro se* "letter" that she mailed to the district court before trial.  In this "letter," Anderson asserted that a magistrate judge had "convert[ed]" the magistrate judge and an Assistant U.S. Attorney "into accommodated parties with respect to [a] debt," which Anderson thereby purported to "discharge."  Anderson contends that this document had no probative value and was highly prejudicial, as it could only be perceived as bad-character evidence.

We review a district court's Rule 404(b) rulings for an abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005).  Under this standard, we must affirm, even if we might have decided the issue differently, so long as the trial court's decision was not based on a clear error of judgment or application of the wrong legal standard. *See id.* at 1312.  Rule 404(b) prohibits the admission of evidence of a person's crimes or other wrongful acts except in certain circumstances.  Fed.R.Evid. 404(b).  Nevertheless, Rule 404(b) is a "rule of inclusion," and relevant Rule 404(b) evidence "should not lightly be excluded" when it is central to the government's case. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (internal quotation marks omitted); *see also United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (explaining that Rule 404(b) allows extrinsic evidence "unless it tends to prove only criminal

3

propensity" (internal quotation marks omitted)).  In order to be admissible under Rule 404(b) the evidence must be relevant to an issue other than the defendant's character, the government must offer sufficient proof for the jury to find by a preponderance of evidence that the defendant committed the act, and its probative value must not be substantially outweighed by its undue prejudice, satisfying Rule 403.  *Matthews*, 431 F.3d at 1310-11 (quoting *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995)).

Where an extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.  *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998).  Thus, the first prong of the Rule 404(b) test is satisfied where the state of mind required for both offenses is the same.  *Id.*  Under the third prong of the test, to determine whether the probative value of the evidence is substantially outweighed by its prejudicial effect, a district court must assess all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness.  *See id.*  A district court's limiting instruction can reduce the risk of undue prejudice.  *See  Zapata*, 139 F.3d at 1358.  When the district court gives a curative instruction to address improper and prejudicial evidence, we will reverse only if the evidence is "so highly prejudicial as to be incurable by the trial court's

4

admonition." *United States v. Harriston*, 329 F.3d 779, 787 n.4 (11th Cir. 2003) (internal quotation marks omitted).  Finally, even if the district court abused its discretion in admitting evidence in violation of Rule 404(b), we may still affirm if the error was harmless.  *See* Fed.R.Crim.P. 52(a); *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998).

Here, we conclude that the document at issue had minimal probative value because it shed no light on whether Anderson possessed the intent to defraud the government, as it was patently frivolous on its face and did not seek to defraud the government out of anything.  Nevertheless, any error in its admission was harmless, as the jury was presented with substantial additional evidence similar to the unorthodox views set forth in the document as well as substantial evidence of Anderson's guilt.  It is highly unlikely that this single document—out of hundreds of documents introduced over the course of a 6-day trial in which 24 witnesses testified—had any appreciable effect on the outcome.  *See* Fed.R.Crim.P. 52(a); *Hubert*, 138 F.3d at 914.  Moreover, the court instructed the jury to consider the document only to the extent that it shed light on Anderson's state of mind, which also served to mitigate any possible prejudice resulting from its admission.  *See Zapata*, 139 F.3d at 1358; *Harriston*, 329 F.3d at 787 n.4.  Thus, we affirm as to this issue.

II.

Anderson and Thomas argue that the district court erroneously denied their request for a mistrial after the court improperly injected itself into the proceedings by asking a series of leading questions—"each loaded with highly derogatory commentary"—that "poison[ed]" the jury against their good-faith defense, which was the only contested issue at trial. According to Anderson and Thomas, the court's questions "effectively conveyed the trial judge's negative and derogatory personal opinion" regarding the sincerity of their beliefs and thereby effectively directed a guilty verdict. The court also improperly took judicial notice that a secret U.S. Treasury account does not exist. The court's instruction to the jury not to give more weight to questions asked by the court and disregard its comments on the evidence was inapplicable and did not cure the error.

We review the denial of a motion for a mistrial for an abuse of discretion. *United States v. Wright*, 392 F.3d 1269, 1274 (11th Cir. 2004). We similarly review a district judge's conduct during trial for an abuse of discretion. *United States v. Palma*, 511 F.3d 1311, 1317 (11th Cir. 2008). A defendant is entitled to a grant of a mistrial only upon a showing of substantial prejudice. *Wright*, 392 F.3d at 1274.

Although a defendant is entitled to an impartial judge, because of the weight juries are likely to place with the court's opinion, a district judge "is not relegated

to complete silence and inaction during the course of a criminal jury trial." *Id.* (internal quotation marks omitted). The district court may comment on the evidence, question witnesses and elicit facts not yet adduced or clarify those previously presented, and "maintain the pace of the trial by interrupting or cutting off counsel as a matter of discretion." *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1988 (2012) (internal quotation marks omitted); *see also* Fed.R.Evid. 614(b) ("The court may examine a witness regardless of who calls the witness."); *Wright*, 392 F.3d at 1275 (holding that it was "entirely proper for the court to make inquiries of a witness in order to clarify the evidence presented" (internal quotation marks omitted)).

However, a district court abuses its authority when it abandons its proper role and assumes the role of an advocate. Fed.R.Evid. 614, Advisory Committee Note; *Wright*, 392 F.3d at 1274. The trial judge "must be above even the appearance of being partial to the prosecution." *Moore v. United States*, 598 F.2d 439, 442 (5th Cir. 1979) (internal quotation marks omitted) [1].

There must be a "clear effect on the jury" for us to reverse based on improper comments by the trial judge. *Hill*, 643 F.3d at 845 (internal quotation marks omitted). Thus, the district court abuses its discretion only when the judge's conduct "strays from neutrality," and its remarks demonstrate "pervasive bias and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit).

7

unfairness that actually prejudice a party." *Id.* at 845-46 (internal quotation marks omitted); *see also id.* at 846 ("[A]n occasional lapse of patience from the bench will not suffice to overturn a conviction returned after a full and fair presentation of the evidence." (quotation omitted)); *United States v. Ramirez-Chilel*, 289 F.3d 744, 750 n.6 (11th Cir. 2002) ("[I]n order to amount to reversible error, a judge's remarks must demonstrate such pervasive bias and unfairness that they prejudice one of the parties in the case.").

An instruction to the jury that jurors are the sole fact-finders may cure a deficiency in the district court's conduct. *See Moore*, 598 F.2d at 443; *United States v. Block*, 755 F.2d 770, 776 (11th Cir. 1985) (concluding that the district court adequately informed the jury of the purpose and function of the court's questions by instructing the jury that the court's questions were "solely for the purpose of eliciting information and not to express . . . [an] opinion or state any facts"); *Kyle v. United States*, 402 F.2d 443, 445 (5th Cir. 1968) (explaining that it is within the trial judge's province to summarize and comment upon the evidence and express his opinion on the facts, provided it is made clear to the jury that the comments are not binding on the jury and that jurors are free to determine facts according to their own judgment). We presume that the jury follows a district court's instructions to disregard comments the court made during trial. *See Hill*, 643 F.3d at 846, 849.

8

Here, the district court asked an IRS agent to confirm that "Redemptionism"—which refers to a theory that every taxpayer has a secret bank account with the U.S. Treasury—is a "fictitious theory" "made up by tax protestors to try to avoid paying taxes." The inquiry effectively conveyed to the jury the court's belief that the defendants' sole defense—good-faith belief—was "made up" in order to avoid paying taxes and, accordingly, was meritless. The court therefore strayed from neutrality and assumed the role of an advocate. *See Hill*, 643 F.3d at 845-46; *Wright*, 392 F.3d at 1274.

However, Anderson and Thomas have not shown that the court's inquiry, which occurred on the second day of a six-day trial, had a "clear effect on the jury." *See Hill*, 643 F.3d at 845. Before the court's questioning, the IRS agent testified that "there is no bank account at the United States Treasury for any of us other than your Social Security account." Moreover, the jury heard substantial other evidence of the defendants' intent to defraud, including testimony and documents establishing their obstructionist interactions with the IRS over the course of several years in the face of repeated correspondence from the IRS detailing their obligation to pay taxes and the consequences for failing to do so, and their attempts to shield income from taxation in the United States by way of documents intended to characterize their domestic businesses as overseas entities. The jury also heard testimony from a second witness that there are no secret U.S.

9

Treasury accounts.  Moreover, the jury heard lengthy testimony from Thomas and his father in support of the defendants' good-faith defense.  Finally, the district court properly instructed the jury that: (i) the court's questions should be given no more significance or importance than attorneys' questions; (ii) the jury should disregard any comments made by the court on the evidence; and (iii) the jurors are the sole and the exclusive finders of fact in the case.  *See Block*, 755 F.2d at 776; *Moore*, 598 F.2d at 443; *Kyle*, 402 F.2d at 445.  Accordingly, we affirm as to this issue.

## III.

Anderson argues that, even if the above errors individually do not mandate reversal, their cumulative effect prejudiced her right to a fair trial.  She asserts that the government's proof of intent largely depended on inferences drawn from the defendants' correspondence over several years.  Thus, because intent was the only element at issue, Anderson's right to a fair trial was prejudiced by the improper Rule 404(b) evidence and the trial judge's "virtual pronouncement" that he did not believe the defendants.

Under the cumulative-error doctrine, an aggregation of non-reversible errors (*i.e.*, plain errors that do not require reversal and harmless errors) can mandate reversal.  *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005).  In addressing a cumulative-error claim, we examine the trial record as a whole to

10

determine whether the appellant was afforded a fundamentally fair trial. *United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). Whether cumulative error is harmless depends on whether the defendant's substantial rights were affected—the same inquiry that applies to individual errors. *Baker*, 432 F.3d at 1223. "[T]he cumulative prejudicial effect of many errors may be greater than the sum of prejudice caused by each individual error." *Id.* The total effect of the errors will depend on several factors, including: (i) the nature and number of errors, and their interrelationship, if any, and combined effect; (ii) how the district court dealt with the errors as they arose (including the efficacy, if any, of remedial efforts); (iii) the strength of the government's case; and (iv) the length of the trial. *Id.*

We allot substantial deference to the fact-finder in reaching credibility determinations. *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). The fact-finder, who personally observes witnesses' testimony, is in a better position than a reviewing court to assess their credibility. *See Ramirez-Chilel*, 289 F.3d at 749. When a defendant testifies in his own defense, the fact-finder may disbelieve his testimony, and consider the defendant's testimony as substantive evidence of his guilt. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

We conclude from the record that Anderson has not shown that she was deprived of a fundamentally fair trial, as the errors she identifies were harmless both individually and cumulatively. *See Baker*, 432 F.3d at 1223; *Calderon*, 127 F.3d at 1333. As discussed above, her pretrial *pro se* submission was simply one of numerous frivolous filings made by the defendants over the course of several years, and the district court's improper questioning similarly was both brief and isolated. Even when considered cumulatively, these were relatively small events over the course of the entire trial, during which substantial evidence was presented—including the testimony of Thomas and his father, who explained the defense theory of good-faith belief in great detail, and who the jury was entitled to disbelieve—from which the jury could have determined that Anderson acted with the intent to defraud the government. *See Calderon*, 127 F.3d at 1333; *Brown*, 53 F.3d at 314. Accordingly, we affirm this issue.

## IV.

Anderson and Thomas argue that the district court erred when it imposed two-level sophisticated-means enhancements to their sentencing guideline calculations based on its findings that: (i) fictitious Employer Identification Numbers were used; (ii) "somehow in the scheme they use[d their] foreign trust in Belize"; and (iii) the defendants "used assets or used bank accounts to conceal assets by making payments to family members and concealing the transactions."

12

They further argue that they submitted evidence that the identification numbers that Thomas gave his banks all belonged to their trust agreement, which was the only account kept in Belize. Additionally, they claim that they did not conceal Thomas's loan repayments to his father, and their conduct was neither complex nor intricate. For example, the pair of Forms 1040 and the 1099-OIDs that they sent to the IRS were incomplete, simple, and unsophisticated.

We review for clear error a district court's finding that sophisticated means were used. *United States v. Barrington*, 648 F.3d 1178, 1199 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1066 (2012). The sophisticated-means enhancement is appropriate for especially complex or intricate conduct during the execution or concealment of the offense. U.S.S.G. § 2B1.1, comment. (n.8(B)); *Barrington*, 648 F.3d at 1199. Conduct such as hiding assets or transactions through the use of fictitious or shell entities or offshore accounts ordinarily indicates sophisticated means. U.S.S.G. § 2B1.1, comment. (n.8(B)). Each action by a defendant need not be sophisticated in order to support this enhancement; it is sufficient if the totality of the scheme was sophisticated. *Barrington*, 648 F.3d at 1199.

In *United States v. Ghertler*, 605 F.3d 1256, 1267-68 (11th Cir. 2010), we affirmed the application of a sophisticated-means enhancement where the defendant conducted extensive research to develop inside information to facilitate a scheme to defraud; forged false company documents; and used unwitting third

13

parties to conceal the fraud.  Similarly, in *United States v. Campbell*, 491 F.3d 1306 (11th Cir. 2007), we held that a sophisticated-means enhancement was appropriate where the defendant used campaign accounts and credit cards issued to others to conceal cash expenditures and tax fraud.  *Id* at 1315.  We noted in *Campbell* that there was no difference between hiding assets or transactions by use of fictitious entities, corporate shells, or offshore accounts, and hiding assets or transactions by use of a "straw man" or campaign fund.  *Id.* at 1316.

Anderson and Thomas have not shown that the district court erred when it imposed the sophisticated-means enhancements.  The district court was entitled to determine that the purpose of their foreign trust was to hide assets from the government, particularly in light of the defendants' continued efforts to avoid paying taxes over several years, which included multiple filings asserting that income from various domestic sources was non-domestic, as a result of which at least one of their sources of income stopped reporting earnings to the IRS.  *See* U.S.S.G. § 2B1.1, comment. (n.8(B)); *Ghertler*, 605 F.3d at 1267-68; *Campbell*, 491 F.3d at 1315-16.  Thus, we affirm the sophisticated-means enhancements.

## V.

Anderson argues that the district court also erred when it imposed a two-level obstruction-of-justice enhancement based on its determination that her prior correspondence with the district court and the government was "obstructing and

14

harassing" and because of "what happened in [the district] court" at a June 14, 2012, status conference (the "June 14 Conference"). According to Anderson, no evidence indicated who the correspondence obstructed or harassed or how it did so, and Anderson stopped when ordered to do so. The district court also made no findings regarding "what happened in [the district] court on June the 14th." Anderson's colloquy with the court at the June 14 Conference did not show an intent to obstruct, but rather indicated that Anderson was scared, confused, and acting as she had been coached by her husband's family.

We review a district court's factual findings underlying an obstruction-of-justice sentencing enhancement for clear error, and the district court's application of the factual findings to the Sentencing Guidelines *de novo*. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1648 (2012). The enhancement applies where the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, related conduct, or a closely related offense. U.S.S.G. § 3C1.1; *Doe*, 661 F.3d at 565-66. Examples of obstructive conduct include unlawfully influencing witnesses or jurors; committing perjury or providing materially false information to a judge, law enforcement officer, or probation officer; and destroying or concealing material evidence. U.S.S.G. § 3C1.1, comment. (n.4). Examples of conduct that

15

ordinarily do not warrant an enhancement include giving false identifying information at arrest (except where doing so significantly hinders the investigation), making false statements not under oath to law enforcement officers, providing immaterially incomplete or misleading information to a probation officer, and lying to a probation officer about drug use. *See id.*, comment. (n.5). "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." *Id.*, comment. (n.3). The defendant need not be successful in her attempt to impede or obstruct the administration of justice in order for the enhancement to apply. *See United States v. Taylor*, 88 F.3d 938, 943-44 (11th Cir. 1996).

To permit meaningful appellate review, a district court applying the obstruction-of-justice enhancement must identify what the defendant did, why that conduct warranted the enhancement, and how that conduct hindered the investigation or prosecution of the offense. *Id.* at 944. However, even where a district court fails to make individualized findings, if the record clearly reflects the basis for the enhancement and supports it, a remand is unnecessary. *Id.*; *see also United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004); *Hubert*, 138 F.3d at 915.

The record demonstrates that the district court failed to make specific findings regarding what Anderson did, why that conduct warranted the

16

enhancement, and how that conduct hindered the investigation or prosecution of Anderson's offenses. *See Taylor*, 88 F.3d at 944. Nevertheless, we conclude that a remand here is unnecessary because, as discussed below, the record sufficiently reflects the basis for the enhancement and supports it. *See Uscinski*, 369 F.3d at 1246; *Taylor*, 88 F.3d at 944.

The only relevant disputed factual issue here is whether, when she engaged in the conduct upon which the court imposed the § 3C1.1 enhancement, Anderson intended to obstruct her prosecution. Although the district court's explanation for its implicit finding at sentencing that Anderson possessed the requisite intent is not the model of clarity, Anderson has not shown that the district court clearly erred in making this finding. *See Doe*, 661 F.3d at 565. The district court was in the best position to observe Anderson's demeanor during the June 14 Conference—when it explicitly found that Anderson was "trying to disrupt the Court"—and, therefore, was uniquely situated to make findings regarding Anderson's intent. *See Ramirez-Chilel*, 289 F.3d at 749. The court also determined during trial that Anderson was "clearly trying to obstruct and confuse and delay the government . . . as well as the court" when she submitted two dozen *pro se* pretrial filings. The combined effect of Anderson's conduct during the June 14 Conference and her *pro se* pretrial filings resulted in an unnecessary drain on the district court's resources, and the court's implicit finding that Anderson engaged in those acts with the intent to

17

obstruct her court proceedings are sufficient to support the § 3C1.1 enhancement. *See* U.S.S.G. § 3C1.1; *Uscinski*, 369 F.3d at 1246; *Doe*, 661 F.3d at 565.

## VI.

Anderson argues that her 51-month sentence is substantively unreasonable because, at most, she labored under an unreasonable understanding of the law. Anderson further asserts that she was significantly less culpable than Thomas, and she was heavily influenced by, and acted out of subservience to, Thomas's family.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). The district court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The party challenging the sentence has the burden of showing that it was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. If we determine that a sentence is procedurally sound, we examine whether the

sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Thus, we will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). A sentence imposed well below the statutory maximum is one indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Although we do not automatically presume that a within-guideline sentence is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Tobin*, 676 F.3d 1264, 1310 (11th Cir.), *cert. denied*, 133 S.Ct. 658 (2012).

Anderson's sentence is reasonable. Anderson's 51-month sentence is within her 51-63-month guideline range, and we ordinarily expect a within guideline sentence to be reasonable. *See Tobin*, 676 F.3d at 1310. The sentence is significantly below the statutory maximum of 10 years' imprisonment, which is another indicator of its reasonableness. *See* 18 U.S.C. §§ 287, 371; *Gonzalez*, 550 F.3d at 1324. The district court explained that, although there was a difference

between Anderson and Thomas, Anderson was a full participant in the charged conduct, and a shorter sentence was unlikely to deter Anderson, who did not believe that she committed fraud. Extensive additional explanation is not required here, where the context and the record make clear that the court listened to each argument and found the circumstances insufficient to warrant a sentence lower than the guideline range, and nothing in the record suggests that Anderson's sentence is outside the range of reasonable sentences in this type of case. *See Irey*, 612 F.3d at 1190. Thus, we affirm her sentence.

## VII.

Finally, Anderson argues that her $10,000 fine is unreasonable because the district court found that she was indigent and did not consider or discuss the relevant guideline factors, including her ability to pay.

We review the district court's imposition of a fine for clear error. *United States v. Long*, 122 F.3d 1360, 1366 (11th Cir. 1997). The Sentencing Guidelines require district courts to impose a fine in all cases, except where the defendant establishes that she is unable to pay and is not likely to be able to pay any fine. U.S.S.G. § 5E1.2(a). Thus, the burden is on the defendant to prove her inability to pay a fine. *United States v. Gonzalez*, 541 F.3d 1250, 1255 (11th Cir. 2008). If a defendant establishes that she is unable to pay a fine, the court may waive the fine or impose a lesser fine. U.S.S.G. § 5E1.2(e).

Once a district court decides that a fine is appropriate, it must consider the factors in § 5E1.2(d) to determine the amount of the fine. *Gonzalez*, 541 F.3d at 1255. A district court is not required to make specific findings for each factor. *Id.* at 1256. However, the record must contain sufficient information with respect to the factors to permit a reviewing court to conclude that the district court did not clearly err in imposing or setting the amount of the fine. *United States v. Khawaja*, 118 F.3d 1454, 1459 (11th Cir. 1997). If the presentence investigation report ("PSI") presented information with respect to the factors, and the district court reviewed the PSI before imposing the fine, we "infer without hesitation" that the district court considered the pertinent factors before imposing the fine. *Id.* However, the mere adoption of the PSI will not satisfy a district court's obligation to rule on unresolved objections at sentencing. *Id.* at 1460. A defendant's objection to the imposition of a fine gives the district court an opportunity to correct any error it might have made and guide appellate review. *United States v. Hernandez*, 160 F.3d 661, 666 (11th Cir. 1998). If the record does not reflect the district court's reasoned basis for imposing a fine, we must remand the case to the district court so it can make the necessary factual findings. *Gonzalez*, 541 F.3d at 1256.

We need not remand for resentencing where a sentencing error was harmless. *See United States v. Dulcio*, 441 F.3d 1269, 1277 (11th Cir. 2006). A

non-constitutional sentencing error is harmless where the error did not contribute to the sentence. *Id.*

Here, the record is insufficient to permit us to conclude that the district court had a reasoned basis for imposing the $10,000 fine. According to the undisputed, court-adopted PSI facts, Anderson has not worked outside the home since 2001, has no assets, and has liabilities of at least $49,000. The probation officer concluded that it was unlikely that she would be able to pay a fine, and the PSI presented no information concerning how much of a fine she might be able to pay. Although Anderson presented no additional evidence of her ability to pay, she relied on the district court's prior finding that she could not afford counsel as the basis for her objection to the imposition of a fine, and the court did not address this objection or offer any reasons for the fine imposed. *See Khawaja*, 118 F.3d at 1460 (concluding that the record was insufficient for this court to review the decision to impose a fine where the district court failed to address the defendant's objections thereto).

The error here is not harmless because we cannot determine from the record whether the court's failure to make factual findings contributed to the imposition of a fine. *See Dulcio*, 441 F.3d at 1277. The indication in the PSI that Anderson is "able-bodied" and can "earn income through work in prison industries" provides no indication of the amount of income that she may be able to earn. Accordingly,

22

we vacate Anderson's sentence as to the imposition of a fine and remand her case for resentencing consistent with this opinion

## VIII.

For the foregoing reasons, we affirm Anderson's and Thomas's convictions and prison sentences, vacate the district court's imposition of Anderson's $10,000 fine, and remand the case for the limited purpose of determining whether there is a reasoned basis for imposing a fine on Anderson.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**